UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

24-CV-81457-RLR

TARAH FLEISCHMAN, as Parent and Guardian
of C.F., a minor, and in her own right,

    Plaintiff,

v.

FOREST TRAIL ACADEMY, LLC, et al.,

    Defendants.
_____/

## ORDER REQUIRING MOTION FOR DEFAULT JUDGMENT

This Court previously entered a *sua sponte* case management order pursuant to its authority to implement special procedures when a case involves complex issues or many parties. DE 67; *see also* Fed. R. Civ. P. 16(c)(2)(L). Here, the aforementioned grounds apply—this is a complex, serious case with many parties.

To streamline motion practice, the Court elected to first address the issue of personal jurisdiction over the defaulted Defendants because (i) this Court has a duty to *sua sponte* evaluate personal jurisdiction over the defaulted Defendants and (ii) the Court's resolution of the sufficiency of the Plaintiff's personal jurisdiction allegations has the potential to eliminate or reduce additional motion practice on other matters in the case. *See Sys. Pipe & Supply, Inc. v. M/V VIKTOR KURNATOVSKIY*, 242 F.3d 322, 324 (5th Cir. 2001) ("[T]he district court has an affirmative duty to look into its jurisdiction both over the subject matter and the parties.").

In response to the Court's *sua sponte* case management order, the Plaintiff acknowledges that this Court may inquire into the sufficiency of personal jurisdiction allegations at such time as

the Plaintiff files a motion for default judgment. DE 72 at 2. The Court exercises its case management discretion to require the Plaintiff to file a motion for default judgment now as to the defaulted Defendants for three reasons. *E.g., Avila v. Willits Env. Remediation Trust*, 633 F.3d 828, 833 (9th Cir. 2011) (noting a district court's broad authority to control the course of litigation under the Federal Rules of Civil Procedure).

First, the defaulted Defendants are the Defendants alleged to have directly abused the minor Plaintiff in this case. If those Defendants are not subject to personal jurisdiction in Florida, that is important information for all of the parties to know as it could potentially mean that this case is effectively severed, with some of the Defendants litigating in this forum and other Defendants litigating in a different forum.

Second, this case (together with all of the companion cases) is likely to be a lengthy, difficult, and complex case. The Court does not want to reach the end of the case only to learn, at that late juncture, that the allegations of personal jurisdiction are legally insufficient as to defaulted Defendants.

Third, some of the non-defaulted Defendants have filed motions to dismiss contesting various matters, including whether the Plaintiffs have sufficiently alleged a conspiracy. Plaintiff made it clear that the sufficiency of the personal jurisdiction allegations in this case will turn on the sufficiency of the Plaintiff's allegations of conspiracy. DE 72. Thus, the Court's ruling on the legal sufficiency of the Plaintiff's personal jurisdiction allegations has the potential to streamline motion practice for the non-defaulted Defendants and preserve valuable resources for the parties and the Court.

To be clear, the Court is aware that it cannot *grant* a motion for default judgment at this time. This is so because the case remains pending before other Defendants, and a court cannot

enter a default judgment as to a defaulted Defendant that would be inconsistent, for example, with a jury's verdict as to a non-defaulted Defendant. *E.g., Gulf Coast Fans v. Midwest Elec. Imps.*, 740 F.2d 1499, 1512 (11th Cir. 1984).  But the Court can *deny* a motion for default judgment in the present.

In the event the Court concludes that the Plaintiff's forthcoming motion for default judgment should be granted, the Court will enter an order on its decision and hold the order in abeyance until a final resolution of this case as to the non-defaulted Defendants.  If instead the Court concludes that the forthcoming motion for default judgment should be denied, the Court will deny it.  What the Court will not do, however, is wait until the (likely lengthy) conclusion of this case to address the legal sufficiency of allegations that it has a duty to *sua sponte* consider. *Sys. Pipe & Supply, Inc.*, 242 F.3d 322 at 324 ("[T]he district court has an affirmative duty to look into its jurisdiction both over the subject matter and the parties.").  The Court therefore exercises its case management discretion to address the issue of personal jurisdiction now.

For the foregoing reasons the Plaintiff shall file a motion for default judgment against all of the defaulted Defendants in this case within seven days of the date of rendition of this Order. The Plaintiff's motion for default judgment need only concern liability; the Plaintiff may address damages in a separate motion that the Court may require at some point in the future.

**DONE AND ORDERED** in Chambers, West Palm Beach, Florida, this 9th day of April, 2025.

```
_____
ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE
```