UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

24-CV-81457-RLR

TARAH FLEISCHMAN, as Parent and Guardian
of C.F., a minor, and in her own right,

    Plaintiff,

v.

FOREST TRAIL ACADEMY, LLC, et al.,

    Defendants.
_____/

**ORDER DENYING THE PLAINTIFF'S MOTION FOR
DEFAULT JUDGMENT AND REQUIRING AN AMENDED COMPLAINT**

The Plaintiff in this case alleges that she was abused while enrolled at a school. DE 1 at 1-3. She has sued the owners of the school, the operators of the school, and various companies that provided services to the school. *Id.* at 1-12. The owners and operators of the school have failed to appear and respond to the Plaintiff's Complaint. The various companies that provided services to the school have not.

Procedural History

The matter before the Court is the Plaintiff's Motion for Default Judgment at docket entry 76. When presented with a motion for default judgment, courts have a duty to evaluate the sufficiency of the plaintiff's personal jurisdiction allegations. *See Sys. Pipe & Supply, Inc. v. M/V VIKTOR KURNATOVSKIY*, 242 F.3d 322, 324 (5th Cir. 2001) ("[T]he district court has an affirmative duty to look into its jurisdiction both over the subject matter and the parties."). Pursuant to that duty, this Court previously examined the Plaintiff's Complaint to determine whether the Plaintiff facially alleged a legally sufficient basis for the Court to exercise personal

jurisdiction over the defaulted Defendants. DE 67 at 2. The Court was unsuccesful in its review; the Court could not determine the Plaintiff's basis for asserting personal jurisdiction. *Id.* By way of example, the Plaintiff's Complaint cites Florida's personal jurisdiction statute, Section 48.193, but that statute contains many possible grounds for the exercise of personal jurisdiction. DE 1 at 10.

After the Court informed the Plaintiff of its lack of clarity and ordered the Plaintiff to move for default, the Plaintiff filed the present Motion for Default Judgment. DE 76. As best as the Court can discern, the Plaintiff's theory of personal jursdiction is as follows. The defaulted Defendants entered into a civil conspiracy with the (one) Florida-based Defendant in this action— Forest Trail. *Id.* at 19-20. Because Forest Trail operates in Florida, all members of the conspiracy, including the defaulted Defendants, are subject to personal jurisdiction in Florida.[1] *Id.* Thus the sufficiency of the Plaintiff's personal jurisdiction allegations against the defaulted Defendants turns on the sufficiency of the Plaintiff's allegations of a civil conspiracy between the defaulted Defendants and Forest Trail. The Court therefore turns to the Plaintiff's civil conspiracy claim.

## Civil Conspiracy

To state a cause of action for civil conspiracy in Florida, "a plaintiff must allege: '(a) an agreement between two or more parties, (b) to do an unlawful act or to do a lawful act by unlawful means, (c) the doing of some overt act in pursuance of the conspiracy, and (d) damage to plaintiff as a result of the acts done under the conspiracy.'" *Corbett v. Transp. Sec. Admin.*, 968 F. Supp. 2d 1171, 1190 (S.D. Fla. 2012). Civil consiracy claims are subject to the heightened pleading

---

[1] *See Wilcox v. Stout*, 637 So. 2d 335, 337 (Fla. Dist. Ct. App. 1994) (holding that a conspiracy with acts in furtherance of the conspiracy in Florida satisfies the Florida long-arm statute on personal jurisdiction).

standard in Rule 9(b),[2] which requires allegations of fraud to be made with particularity. *See Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1067 (11th Cir. 2007) ("The insurers' civil conspiracy claims also fail to comport with the standards of Rule 9(b)."). This particularity requirement is meant to guard against "guilt by association." *Cooper v. Blue Cross & Blue Shield of Fla.*, 19 F.3d 562, 567 (11th Cir. 1994). In order to state a claim against a defendant for something more than guilt by association, Rule 9(b) typically requires particular allegations pertaining to the time, place, and substance of the defendant's alleged fraud. *Id.* at 566-67.

Analysis

Here, the Plaintiff's allegations regarding the time of the fraud are somewhat vague. Plaintiff alleges that the conspiracy to abuse children, which included both the defaulted Defendants and Forest Trail, ran from 2016 to 2024; the Plaintiff does not delineate when various members of the conpiracy joined the criminal agreement. *See* DE 1 at 243. The Plaintiff's allegations are that Forest Trail operated in Florida and that the abuse (performed by the defaulted Defendants) took place on the island of Jamaica. *See generally* DE 1. The Court's focus in this Order is primarily on the final particularity requirement: the "substance of the defendant's fraud."

Forest Trail is alleged to be a highly ranked, fully accredited online school in the United States. DE 1 at 13. It is alleged to provide services in many different states, not just Florida. *Id.* at 6. It is also alleged to enjoy an excellent international reputation. *Id.* (alleging that Forest Trail is "[i]nternationally recognized."). The reasonable inference from these allegations is that the allegedly abusive school in this case was just one of Forest Trail's many clients. Forest Trail's alleged role in the conspiracy was to provide "accreditation services." *Id.* at 16. Based upon that

---

[2] Even if Rule 9(b) only applies to civil conspiracy claims to commit fraud, that is precisely what the Plaintiff alleges happened in this case. Indeed, the word "fraud" appears in some form over one hundred times in the Complaint, and the Plaintiff has brought a claim against Forest Trail for fraudulent concealment. DE 1 at 64.

role, the Plaintiff contends that Forest Trail filled out forms, graded homework, and recorded lectures in Florida. DE 76 at 19.

In other words, Forest Trail is alleged to have provided the same services to the defaulted Defendants as it does to every other customer in the world, and that it did so for money. But it is not illegal to grade homework and record lectures. Nor is it illegal to provide accreditation services remotely over the internet. When factual allegations "are not only compatible with, but indeed [are] more likely explained by lawful activity, the complaint must be dismissed." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Here, because the Plaintiff alleges that Forest Trail provided its standard services to the defaulted Defendants,[3] the most likely explanation is that Forest Trail did so because it was conducting normal business. The Court's reasoning on this point is underscored by the fact that the allegedly abusive school in this case was but one client among many. Possessing many other clients, Forest Trail would have had a minimal financial incentive[4] to maintain a business relationship with the defaulted Defendants—it could have easily absorbed the financial loss of business from the termination of its relationship with the defaulted Defendants, once it became aware of any child abuse. For the Plaintiff to allege the opposite—that Forest Trail chose to ***join*** in a criminal conspiracy ***to abuse children*** in exchange for a relatively marginal amount of revenue—is a very serious allegation indeed. This is no small matter, and it is therefore incumbent upon the Plaintiff to plead with particularity why (and how) Forest Trail provided services not as part of its normal business, but because it was part of a criminal conspiracy to abuse children for profit.

---

[3] If the Complaint alleges that Forest Trail did something unusual or outside of the norm, the Court is simply unaware of the allegation in the Plaintiff's one-hundred-and-forty-one-page Complaint.
[4] If the Plaintiff has alleged that the defaulted Defendants amounted to a particularly lucrative income stream for Forest Trail, or that the income stream was otherwise significant to Forest Trail's gross revenue, the Court is unaware of the allegation.

The Plaintiff's answer on this point is to plead that Forest Trail had knowledge of the alleged child abuse. Based upon that knowledge, and the fact that Forest Trail remained in business with the defaulted Defendants for years, the Plaintiff alleges that Forest Trail was part of a criminal conspiracy to abuse children.

Rule 9(b) exempts the pleading of knowledge from its particularity requirement, and instead allows knowledge to be pled more generally. But this does not mean that knowledge may be pled in a conclusory fashion. As the Supreme Court has made clear, Rule 9 merely excludes knowledge from the elevated pleading standard. *Ashcroft v. Iqbal*, 556 U.S. 662, 687 (2009). The normal pleading standard—plausibility—remains. *Id.* The Plaintiff must plead sufficient, non-conclusory factual allegations from which this Court may plausibly infer that Forest Trail had knowledge of child abuse.[5]

Because of the nature of the Plaintiff's allegations in this case, the bar for plausibility is a little higher than normal; the Plaintiff has pled that Forest Trail operated in Florida, but the abuse occurred in Jamaica. There is therefore a significant geographical distance between the abuse and the entity (Forest Trail) alleged to have knowledge of the abuse. The Plaintiff has also pled that Forest Trail and the defaulted Defendants' relationship was a remote one, occuring over the internet, which would make learning of the abuse more difficult. Lastly, the Plaintiff has alleged that the defaulted Defendants were more or less criminals, disguising their illegal abusive activities from even the parents of the children. Indeed, the Plaintiff has alleged that the defaulted Defendants actively concealed the child abuse. *E.g.,* DE 1 at 20. It may reasonably be inferred,

---

[5] The Plaintiff previously made reference to the fact that she would like jurisdictional discovery in this case, DE 72 at 9, but jurisdictional discovery may not be used to enable a plaintiff to facially plead personal jurisdiction. *See in re Zantac*, 706 F. Supp. 3d 1363, 1367-68 (S.D. Fla. 2020) ("[A] party is not entitled to jurisdictional discovery solely to remedy a lack of jurisdictional facts or an insufficient pre-filing investigation.").

then, that if the parents of the children were unaware of the abuse in this case, it would have been difficult for people outside of the school, such as a remote, internet-based accreditation company in another country, to learn of the abuse as well.

What then are the Plaintiff's non-conclusory factual allegations that Forest Trail had knowledge of the abuse in this case? There are none. The Plaintiff's Motion uses the word "knowledge" thirteen times, but does not explain how Forest Trail had knowledge of abuse.[6] The Complaint uses the word "knowledge" forty-one times, but the Court has been unable to locate a non-conlusory factual allegation about Forest Trail's acquisition of knowledge there as well.

The Plaintiff's lack of non-conclusory allegations is particularly glaring in light of analogous case law. In *Doe v. Board of Education*, 611 F. Supp. 3d 516, 528 (N.D. Ill. 2020), a plaintiff attempted to hold local school officials liable for improper acts conducted by teachers. The district court dismissed the claim, finding that the plaintiff had to plead with some specificity who had actual knowledge of the abuse and that the plaintiff failed to allege "*facts* suggesting that any school official with the requisite school authority knew about the alleged abuse." (emphasis in original). Applied to this case, the Court reasons that a local school official (like the one in *Doe*) would be closer to alleged abuse, and be more likely to discover abuse, than a remote internet-based accreditation company in another country. Yet the allegations in *Doe* were so deficient the court dismissed the claim with prejudice.

Similarly, in *Gebser v. Lago Vista Independent School District*, 524 U.S. 274, 291 (1998), even a school principal, working in the same school with the alleged abuse, and who had received actual complaints about troubling conduct of the abusive teacher, was *still* held to not be

---

[6] The Plaintiff's Motion (and Complaint citations) do explain how other Defendants had knowledge of abuse.

sufficiently on notice of abuse, such that the claim was not properly pled as a matter of law. *Id.* The Supreme Court later affirmed the district court's dismissal of the suit. *Id.*

## Conclusion and Ruling

Just as notice and knowledge were insufficiently pled in *Doe* and *Gebser*, they are insufficiently pled here, particularly when Forest Trail is alleged to be an internet-based online accreditation company in a separate country from the one where the abuse was conducted. The Plaintiff pleads nothing more than a "guilt by association" claim against Forest Trail, but that is precisely what Rule 9(b) is intended to guard against.

Accordingly, it is **ORDERED AND ADJUDGED** that the Plaintiff has failed to plead a facially sufficient basis for the Court's exercise of jurisdiction over the defaulted Defendants, the Complaint is **DISMISSED**, the dismissal is **WITH LEAVE TO AMEND**, all pending motions to dismiss are **DENIED AS MOOT**, and the requirement for all active, non-defaulted Defendants in this case to respond to any future amended complaint is **STAYED** until such time as the Court concludes its *sua sponte* analysis on the legal sufficieny of the Plainiff's claims against the currently-defaulted Defendants.

Future amendments to the Complaint should clearly explain what each Defendant is alleged to have known, and the Plaintiff must also explain how personal jurisdiction is satisfied in this case. Furthermore, as the Court has discussed in prior orders, DE 67 at 6, the operative Complaint does not comply with the Rule 8 requirement for a "short, plain statement." The Complaint is neither short nor plain; the Complaint's length hampered the Court's ability to review the Complaint for legal sufficiency. Although any future amendment to the Complaint must contain sufficient factual detail to satisfy federal pleading standards, the Court advises the Plaintiff to consider the length of any future amended complaint in light of the requirements of Rule 8. Any

amended pleading is due by **May 12, 2025**. An accompanying renewed motion for final default judgment is due immediately after the expiration of time for the currently-defaulted Defendants to respond to the amended pleading.

The Court addresses one final matter. Pursuant to Rule 55(b)(2)(C), this Court may analyze the Plaintiff's evidence to determine the truth of an allegation against a defaulted defendant. Although it would be premature at this juncture to require the Plaintiff to submit all of its evidence that Forest Trail had knowledge of the abuse in this case, Rule 11(b)(3) required the Plaintiff to have evidentiary support for the factual allegations on knowledge she made in the Complaint. In any future motion for default judgment, then, the Plaintiff shall attach and explain the evidence she relies upon for the allegation that Forest Trail had knowledge of child abuse.[7]

**DONE AND ORDERED** in Chambers, West Palm Beach, Florida, this 2nd day of May, 2025.

_____
ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

---

[7] Rule 11(b)(3) exempts a plaintiff from the need for evidentiary support if the plaintiff "will likely have evidentiary support after a reasonable opportunity for further investigation." If the Plaintiff lacks evidentiary support, and instead relies upon this exception, the Plaintiff should make that clear in any future renewed motion for default judgment.