UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

24-CV-81457-RLR

TARAH FLEISCHMAN, as Parent and Guardian
of C.F., a minor, and in her own right,

    Plaintiff,

v.

FOREST TRAIL ACADEMY, LLC, et al.,

    Defendants.
    _____/

### ORDER GRANTING IN PART AND DENYING IN PART
### THE PLAINTIFF'S EMERGENCY[1] MOTION FOR RECONSIDERATION

The matter before the Court is the Plaintiff's Emergency Motion for Reconsideration at docket entry 78. The Plaintiff argues that the Court's prior order dismissing certain claims was error in three different ways. Each is addressed in turn.

#### The First Ground Plaintiff Argues for Reconsideration

First, the Plaintiff argues that the Court erred in "adjudicating the issue of personal jurisdiction over Defendants who have waived" the defense, referring to the Plaintiff's contention that the non-defaulting Defendants in this case have waived any defense on personal jurisdiction grounds.[2] DE 78 at 4. As the Court explained in its prior Order, the Court's analysis was directed

---

[1] A request for the Court to reconsider an order dismissing certain claims with leave to amend is not an emergency. Because the Local Rules specifically state that counsel's use of emergency procedures for non-emergency matters can result in sanctions, counsel should proceed with caution before filing emergency motions in the future. *See* Local Rule 7.1(d). Instead, counsel can request expedited consideration. *Id.*

[2] Although the Court previously raised questions about whether the non-defaulting Defendants challenged the Plaintiff's basis for personal jurisdiction in this case, DE 67 at 3, the Court raised the question as part of its discussion about its confusion over just what, exactly, the Plaintiff's theory of personal jurisdiction was. The Court has yet to decide whether the defense has in fact been waived by any particular Defendant, the issue has not been briefed, and, as of this date, no Defendant has asked the Court to rule on the issue.

at the defaulted Defendants. The Court only analyzed allegations pertaining to non-defaulted Defendants because the *Plaintiff's* theory of personal jurisdiction *compelled the Court to do so*:

> After the Court informed the Plaintiff of its lack of clarity and ordered the Plaintiff to move for default, the Plaintiff filed the present Motion for Default Judgment. DE 76. As best as the Court can discern, the Plaintiff's theory of personal jursdiction is as follows. The defaulted Defendants entered into a civil conspiracy with the (one) Florida-based Defendant in this action—Forest Trail. *Id.* at 19-20. Because Forest Trail operates in Florida, all members of the conspiracy, including the defaulted Defendants, are subject to personal jurisdiction in Florida. *Id.* **Thus the sufficiency of the Plaintiff's personal jurisdiction allegations against the defaulted Defendants turns on the sufficiency of the Plaintiff's allegations of a civil conspiracy between the defaulted Defendants and Forest Trail**. The Court therefore turns to the Plaintiff's civil conspiracy claim.

DE 77 at 2 (emphasis added). The Plaintiff has elected to base her personal jurisdiction theory for the defaulted Defendants on an alleged conspiracy between the defaulted Defendants and Forest Trail. For that reason, the Court analyzed the sufficiency of the Plaintiff's allegations of a conspiracy between the defaulted Defendants and Forest Trail. The Court did not, as the Plaintiff argues, analyze the legal sufficiency of the Plaintiff's personal jurisdiction allegations over the non-defaulted Defendants, such as Forest Trail, nor has the Court ruled on the legal sufficiency of any claim against a non-defaulted Defendant. Those rulings are yet to come. The Court **DENIES** the Motion as to the Plaintiff's first ground.

<u>The Second Ground Plaintiff Argues for Reconsideration</u>

Second, the Plaintiff argues that the Court erred because it did not allow the Plaintiff the opportunity take jurisdictional discovery prior to dismissal. DE 78 at 6. As the Court explained in its prior Order, the Plaintiff is not entitled to jurisdictional discovery to facially allege personal jurisdiction:

> The Plaintiff previously made reference to the fact that she would like jurisdictional discovery in this case, DE 72 at 9, **but jurisdictional discovery may not be used to enable a plaintiff to facially plead personal jurisdiction**. *See in re Zantac*, 706

>   F. Supp. 3d 1363, 1367-68 (S.D. Fla. 2020) ("[A] party is not entitled to jurisdictional discovery solely to remedy a lack of jurisdictional facts or an insufficient pre-filing investigation.").

DE 77 at 5 n.5 (emphasis added). The cases the Plaintiff cites in her Motion only reinforce the Court's prior ruling. The Plaintiff cites to *ACLU v. City of Sarasota*, utilizing a quotation in bold that it is an abuse of discretion to deny jurisdictional discovery, but in that case there was a **factual dispute** over personal jurisdiction. 859 F.3d 1337, 1340 (11th Cir. 2017) ("[A] district court confronted with a factual challenge to its jurisdiction cannot ignore a genuine factual dispute."). In contrast, the Court's ruling concerned only the facial sufficiency of the Plaintiff's personal jurisdiction allegations, not any purported factual dispute over whether the Plaintiff's personal jurisdiction allegations are true. Similarly, the Plaintiff cites to *Eaton v. Dorchester Devopment Inc.*, 692 F.2d 727 (11th Cir. 1982), for the proposition that a plaintiff must be given the opportunity to take jurisdictional discovery, but that case concerned a factual dispute over jurisdiction as well. Indeed, the *Eaton* decision could not be clearer that it has nothing to do with facial sufficiency: "This case does not involve a dismissal predicated upon the facial insufficiency of the complaint." *Id.* at 732.

Although the Court's ruling cited only a single case for the proposition that facially deficient allegations cannot be remedied via a demand for discovery, that is because the proposition is well documented in the law. The case cited by the Court, *In re Zantac*, in turn cited *Lowery v. Alabama Power Company*, 483 F.3d 1184, 1216 (11th Cir. 2007), which had this to say:

>   Rule 8(a) requires the plaintiff to set forth in the complaint the factual support for jurisdiction. The plaintiff's factual allegations are subject to Rule 11's command – under penalty of sanctions – that the "allegations and other factual contentions have, [or are likely to have following discovery,] evidentiary support." By filing the action in federal court, the plaintiff is making a representation that the action belongs before the court. Because counsel is subject to Rule 11 sanctions, we

>assume that this representation is made in good faith and that the plaintiff has factual bases for believing that the federal court has jurisdiction to hear the claims.

The *Lowery* court then turned to the hypothetical scenario—effectively identical to the scenario before the Court—where, in response to facially insufficient allegations, the plaintiff requested jurisdictional discovery. The *Lowery* court stated:

> In our hypothetical diversity case, should the plaintiff request leave to conduct discovery to support its assertion that the case is properly before the court, the court would deny such a request. In such a situation, the court would not reserve ruling on the motion to dismiss in order to allow the plaintiff to look for what the plaintiff should have had – but did not – before coming through the courthouse doors, even though the court would have the inherent power to do so.

*Id.* Although *Lowery* concerned subject matter jurisdiction, courts have applied its reasoning to personal jurisdiction as well. *Yepez v. Regent Seven Seas Cruises*, No. 10-CV-23920, 2011 WL 3439943, at *2 (S.D. Fla. Aug. 5, 2011) ("The reasoning employed by the Eleventh Circuit [in *Lowery*] is equally applicable to personal jurisdiction issues.").

In short, either a complaint is sufficient on its face or it isn't. If it isn't, jurisdictional discovery cannot be used as a pleading aid "and if the plaintiff's counsel concedes that the plaintiff lacks the necessary evidence to cure the deficiency, the court may dismiss the action for failure to state a claim or want of jurisdiction." *Lowery*, 483 F.3d at 1216. The Court **DENIES** the Plaintiff's Motion as to the second ground.

### The Third Ground Plaintiff Argues for Reconsideration

Third and finally, the Plaintiff argues that the Court erred by dismissing the Complaint in its entirety. The text of the Court's ruling stated that the Complaint was dismissed without qualification, and the Court can therefore appreciate that the Plaintiff may have believed that the Court's ruling dismissed claims brought against non-defaulting Defendants. That was not the Court's intent—the Court's intent was only to dismiss claims brought against the defaulting

Defendants: "[T]he Plaintiff has failed to plead a facially sufficient basis for the Court's exercise of jurisdiction over the defaulted Defendants." DE 78 at 7.  Accordingly, the Court **GRANTS** the Plaintiff's Motion as to the third ground insofar as it **CLARIFIES** that the Court's dismissal was limited to the defaulted Defendants.[3]  The Court has yet to adjudicate claims brought against non-defaulted Defendants.  Even so, the Court's prior granting of leave to amend to the Plaintiff extends to all of the Plaintiff's claims in the Complaint; the Plaintiff is free to amend, or not to amend, all of her claims as the Plaintiff sees fit.

      **DONE AND ORDERED** in Chambers, West Palm Beach, Florida, this 7th day of May, 2025.

                                                        _____
                                                         ROBIN L. ROSENBERG
                                                         UNITED STATES DISTRICT JUDGE

---

[3] The Court's prior decision to deny all pending, active motions to dismiss without prejudice remains unchanged. DE 77. As the Court previously explained, the Court is exercising its case management authority to first address the facial sufficiency of the Court's jurisdiction over the defaulted Defendants before turning to motion practice brought by the non-defaulted Defendants, to allow for more streamlined motion practice across many related cases. DE 75. All of the parties—the Plaintiff and the Defendants—will have the benefit of the Court's rulings on the defaulted Defendants during the litigation of the claims against the non-defaulted Defendants.