## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| Tarah Fleischman, as Parent and Guardian of C.F., a minor, and in her own right<br><br><div align="center">Plaintiff,</div><br>v.<br><br>FOREST TRAIL ACADEMY, LLC, ATLANTIS LEADERSHIP ACADEMY, LLC, RANDALL COOK, LISA COOK, UNITED SECURE YOUTH TRANSPORT AGENCY, LLC, and DEBBIE CELANI,<br><br><div align="center">Defendants.</div> | **CIVIL ACTION NO. 9:24-cv-81457-RLR**<br><br>**JURY TRAIL DEMANDED** |

### AMENDED COMPLAINT[1]

Plaintiff, Tarah Fleischman, as Parent and Guardian of C.F., a minor, by and through undersigned counsel sues Defendants Forest Trail Academy, LLC, Atlantis Leadership Academy, LLC, Randall Cook, Lisa Cook, United Secure Youth Transport Agency, LLC, and Debbie Celani, and states as follows:

---

[1] Plaintiff, Tarah Fleischman, as Parent and Guardian of C.F., a minor, ("Plaintiffs") by and through undersigned counsel are filing this Amended Complaint in response to the Court's Orders of May 2, 2025 (D.E. 77), and May 7, 2025 (D.E. 79) directing and/or permitting Plaintiffs to do so. In those Orders, which were responding to Plaintiffs' Motion for Default (D.E. 76)—the Court previously Ordered Plaintiffs to file said motion (D.E. 75)—the Court dismissed Plaintiffs' Complaint as to defaulted Defendants only (Atlantis Leadership Academy, LLC, Randall Cook, Lisa Cook, and Teen Sentinel, LLC) and granted Plaintiffs leave to amend their Complaint (D.E. 79). Although Plaintiffs submit this Amended Complaint, Plaintiffs maintain their objection to the Court's dismissal of their Complaint as to the defaulted Defendants as a result of the denial of their Motion for Default for being procedurally improper and further maintain that the other non-defaulting Defendants have waived—and cannot reassert in response to this Amended Complaint—any right to contest personal jurisdiction in this matter. Plaintiffs further maintain their objection that they are entitled to conduct jurisdictional discovery before filing this Amended Complaint and thus the Court's Order dismissing defaulted Defendants and thus requiring Plaintiffs to amend is procedurally improper at this juncture.

## NATURE OF THE CASE

1.      This case involves the inhumane, pervasive, and systematic abuse of minor children, including C.F., at the hands of an alleged "youth treatment center."

2.      Atlantis Leadership Academy, LLC is a facility located in Treasure Beach, Jamaica, which tricked, manipulated, and misled parents and legal guardians, with the assistance of the other named Defendants herein, into sending their minor children to their facility where they then abused, assaulted, trafficked, and neglected these children.

3.      The minor children at Atlantis Leadership Academy, LLC, including minor C.F., experienced cruel, inhumane, and despicable punishments of abuse, which included but is not limited to: being water boarded, tortured, physically assaulted, punched, slapped, and beaten, deprivation of food and water, isolated from their family, subjected to torment and psychological torture, and trafficked and subjected to forced manual labor and involuntary servitude.

4.      Further, Atlantis Leadership Academy, LLC (hereinafter "ALA"), neglected and failed to educate minor C.F. all of which caused serious physical harm, vocational impairment, and emotional and mental distress and other damages both economic and non-economic.

5.      Moreover, despite Defendants touting ALA as an educational youth treatment center/facility to help children "release anger and depression" and that it was fully equipped to provide support, services, and treatment to children with special needs, no treatment was provided to the children at ALA generally not to minor C.F. specifically.

## PARTIES, JURISDICTION, AND VENUE

## PLAINTIFFS

6.      Plaintiff, Tarah Fleischman, was and is a resident of Wisconsin and was and is C.F.'s mother and legal guardian.

7.      Minor, C.F., was and is a resident of Wisconsin before he attended ALA and is currently seventeen (17) years old.

8.      At the time of the abuse described herein, the ALA Defendants had care, custody, control, and guardianship over minor, C.F.

9.      C.F suffers from certain special needs, including Tourette's Syndrome, Autism Spectrum Disorder ("ASD"), Attention-Deficit Hyperactivity Disorder ("ADHD") and Obsessive Compulsive Disorder ("OCD").

10.      At all times material, the ALA Defendants were the sole legal guardian of C.F., while he was in their care, custody, and control in Treasure Beach, Jamaica.

11.      At the time of the abuse described herein, ALA Defendants had an interest adverse to minor C.F. because they did not take his health, wellbeing, safety, and care as a priority and instead tortured, beat, abused, assaulted, trafficked, and neglected C.F.

12.      At all times material, the statute of limitations was tolled pursuant to FS §95.051 during the pendency of the minority of C.F. because at all times of the abuse described herein, Defendants had care, custody, control, and guardianship over C.F. and had interests adverse to C.F.

13.      At all times material, pursuant to 18 USC §1595, the statute of limitations commences 10 years after C.F.'s involuntary forced labor commenced.

**THE ATLANTIS DEFENDANTS**

14.     Defendant ALA was and is a facility located in Treasure Beach, Jamacia, which housed minor male children and misled parents and guardians to believe that they provided educational and therapeutic services for their minor children.

15.     ALA was and is a Delaware Limited Liability Company whose registered agent resides at 1201 Orange Street Suite 600, One Commerce Center, Wilmington Delaware.

16.     At all times material, Defendant ALA was authorized to do and/or doing business within the jurisdiction of this court. At all times material, Defendant ALA recruited, advertised, marketed, and profited off Florida citizens, including multiple children in related actions commenced against ALA.[2]

17.     Defendant Randall Cook was and is the owner and co-founder of ALA and resides at 5310 Howard Lane, Nampa, ID 83687.

18.     At all times material, Defendant Randall Cook did business within the jurisdiction of this court. At all times material, Defendant Randall Cook recruited, advertised, marketed, and profited off Florida citizens.

19.     Defendant Lisa Cook was and is the co-owner and co-founder of ALA and resides at 5310 Howard Lane, Nampa, ID 83687. She is the wife of Defendant Randall Cook.

20.     At all times material, Defendant, Lisa Cook did business within the jurisdiction of this court. At all times material, Defendant Lisa Cook recruited, advertised, marketed, and profited off Florida citizens.

21.     This Court has personal jurisdiction over ALA, Randall Cook, and Lisa Cook pursuant to the Florida Statute §48.193 and the Due Process Clause of the Fourteenth Amendment to the United States Constitution, as ALA, Randall Cook, and Lisa Cook have established

---

[2] *See, e.g., Sohn v. Forest Trail Academy, LLC, et al.*, Case No. 9:24-cv-81432-RLR and *J.E. v. Forest Trail Academy, LLC, et al.*, Case No. 9:24-cv-91462-RLR.

minimum contacts with the State of Florida such that the maintenance of this lawsuit does not offend traditional notions of fair play and substantial justice.

22.     Defendants, ALA, Randall Cook, and Lisa Cook, have operated, conducted, engaged in, and carried out a business and a business venture in Florida by partnering with a Florida company to obtain accreditation services, namely Defendant Forest Trail Academy.

23.     These minimum contacts include but are not limited to, recruiting, advertising, profiting from, marketing, conducting regular business with and partnering with clients and businesses in Florida.

24.     Randall Cook and Lisa Cook are personal friends with the owner, operator, manager, and/or chief executive officer of Forest Trail Academy, and have been for years.

25.     In approximately 2015, at the time that Randall Cook and Lisa Cook opened ALA, they entered into a contract, agreement, and ongoing business venture with Forest Trail Academy wherein Forest Trail Academy would provide accreditation services to ALA in order to legitimize ALA as an educational institution. In return, ALA would pay Forest Trails with proceeds from tuition paid by children and their families as well as from the labor trafficking in which the Atlantis Defendants engaged.

26.     In approximately 2015 and for the following nine (9) years in which ALA was operational, Defendant Forest Trail knew or should have known that ALA students, including Plaintiff C.F., were not actually attending classes, completing assignments, or receiving an education. Some students, including C.F., completed virtually no assignments for many months, despite being assigned coursework on a daily basis.

27.     Over the course the almost decade that Forest Trail and ALA partnered, Randall Cook personally signed all educational documents generated by Florida business Forest Trail

5

Academy required to enroll students in their online courses. Randall Cook signed these documents on behalf of dozens of ALA students, including Plaintiff C.F., as their "parent" within the course and scope of his duties with ALA and thereby contracted with Forest Trail Academy on behalf of minor Plaintiff C.F. These documents include the Forest Trail Student Registration Form,[3] the Forest Trail Student Handbook,[4] and a Forest Trail Release of Records.[5]

28.     Further, at all material times, Defendants, ALA, Randall Cook, and Lisa Cook, entered into a partnership and contract with a Florida business, Defendant, Forest Trail, to provide accreditation services to ALA.

29.     Both the Atlantis Defendants as well as Forest Trail advertised this partnership on their respective websites.

30.     Pursuant to the Revised Uniform Partnership Act ("RUPA") Section 308, Fla. Stat. §620.8308, a partnership by estoppel was formed between the ALA Defendants and Forest Trail because each Defendant, by words and/or conduct, purported to be a partner/consented to being represented as a partner with one another. These representations were made in a public manner - i.e. through both entities' public facing websites.

31.     Defendants ALA, Randall Cook, and Lisa Cook have purposefully directed activities toward the State of Florida by partnering with and obtaining accreditation with Florida entities, recruiting, marketing, advertising, and profiting off of Florida clients, and these actions give rise to the claims asserted in this action.

---

[3] *See* Forest Trail Student Registration form signed by Randall Cook, as "guardian," on September 6, 2023, attached hereto as Exhibit "G". The student email address is listed as Randall Cook's email address and Randall Cook is listed as the legal guardian of C.F. on the form.
[4] *See* Forest Trail Parent Student Handbook signed by C.F. and by Randall Cook, as "parent," on September 6, 2023, attached hereto as Exhibit "H".
[5] *See* Forest Trail Release of Records form signed by Randall Cook on September 6, 2023, attached hereto as Exhibit "I". This form authorized records to be released to Forest Trail Academy at their 3111 Fortune Way, Suite B4&13, Wellington, FL 33414 address.

32.     The claims asserted herein arise out of or relate to Defendant's contacts with the State of Florida specifically the partnership between Defendants and Defendant Forest Trail which is the Florida entity which them obtained accreditation through, among other things.

33.     Furthermore, at all times material, ALA, Randall Cook, and Lisa Cook maintained an office address in the State of Florida. Specifically, Randall Cook utilized the address of 5845 SW 21st Street, West Park, FL 33023, to receive mailings and packages for ALA.[6] Randall Cook would then arrange to have said packages forwarded to ALA in Jamaica and/or he himself, while in the course and scope of his duties with ALA, would travel to Florida to personally transport ALA mailings and packages back to Jamaica.

34.     Pursuant to Florida Statute §§ 48.193(1)(a)(1)–(2), (7), and 48.193(2), this Court has personal jurisdiction over ALA, Randall Cook, and Lisa Cook.

35.     The exercise of personal jurisdiction over Defendants is reasonable and comports with traditional notions of fair play and substantial justice, as Defendants have purposefully availed themselves of the privilege of conducting activities in the State of Florida.

36.     Defendants' contacts were substantial and not isolated activity within Florida.

37.      ALA, Randall Cook, and Lisa Cook are referred to collectively herein as "the Atlantis Defendants."

**FOREST TRAIL ACADEMY**

38.     Defendant, Forest Trail Academy, LLC (hereinafter "Forest Trail"), is a Florida Limited Liability company whose principle address is 2101 Vista Parkway Suite 226, West Palm Beach FL 33411.

---

[6] Plaintiff in related action *T.C. v. Forest Trail Academy, et al.*, Case No. 9:24-cv-81377-RLR provided this information, indicating that his mother was told by Randall Cook to send mail intended for him at ALA to this address in Florida.

39.     At all times material, Forest Trail was contracted with the Atlantis Defendants to provided educational services to the minor children residing at ALA while it knew or should have known that ALA was systematically abusing, neglecting, and/or trafficking children, including the children they contracted to purportedly provide educational services to, such as minor Plaintiff C.F.

40.     Defendant Forest Trail would read, review, and grade tests and other homework assignments from students and thus, knew, or should have known, that educational neglect was occurring because the assignments were not timely and/or not correct and/or showed signs of abuse and neglect.

41.     Defendant, Forest Trail, knew or should have known that children at ALA were being neglected an education as Forest Trail would receive the attendance sheet, which in many cases, including C.F., did not have *any* dates of attendance accounted for.[7]

42.     Defendant Forest Trail did not merely provide online pre-recorded classes to ALA students, they also communicated directly with the parents of the ALA students.[8] Further, Defendant Forest Trail corresponded directly and regularly with ALA and, specifically, Lisa Cook, about students' educational needs and enrollment in class.[9] Thus, Forest Trail had a duty to supervise and monitor the children at ALA utilizing its educational services and, at a minimum, ensure they were attending class.

43.     At all times material, ALA was accredited through Forest Trail.

---

[7] The attendance sheet for C.F. from September 2024 through January 2025 is completely blank. It does not contain a single entry which confirms that C.F. received any schooling during this period. *See* C.F. Attendance Sheet, attached hereto as Exhibit "J"

[8] With regards to C.F., there are "comments" in the Forest Trail documents regarding conversations with C.F.'s parents on 10/12/23. *See* Plaintiff C.F. Comment Log, attached hereto as Exhibit "K".

[9] *See* Forest Trail Help Desk Ticket Correspondence regarding Plaintiff C.F. from Lisa Cook, attached hereto as Exhibit "L".

44.     But for Forest Trail's accreditation of ALA, ALA could not hold itself out as an educational institution.

45.     But for Forest Trail's accreditation of ALA, ALA could not operate as a school and none of the Plaintiffs, including minor C.F., would have attended ALA.

46.     Plaintiff, Tarah Fleischman, specifically chose ALA over other boarding schools because ALA was accredited through a U.S.-based institution, Defendant Forest Trail.

47.     Forest Trail formed a partnership with ALA and entered into a contract to allegedly provide online education to the children residing at ALA, including minor-Plaintiff C.F. This partnership was formed in approximately 2015 when ALA first opened.[10] Randall Cook and the administration, ownership, and management of Forest Trail had a personal friendship and reached this agreement and formed this partnership so that ALA could even function as a "boarding school" for "troubled teens".

---

[10] *See* Contract between Forest Trail Academy and Atlantis Leadership Academy dated December 2, 2015, attached hereto as Exhibit "M". The contract is signed by Defendant Randall Cook on behalf of ALA. Among many other provisions, some of which are discussed below, the parties agreed that the contract "shall be governed by, enforced, and construed under and in accordance with the laws of the United States of America and, with respect to matters of state law, with the laws of Florida." Exhibit "M" at p.10 (Section 11.02).



48.     Forest Trail also contracted directly with Defendant Randall Cook as the "parent" and/or legal guardian of minor Plaintiff C.F.[11]

49.     Forest Trail profited financially through its contract and partnership with the Atlantis Defendants. Forest Trail was paid by the Atlantis Defendants to legitimize ALA and purportedly provide online educational services to the children enrolled there.

50.     At all times material, Defendant Forest Trail did business within the jurisdiction of this court. At all times material, Defendant Forest Trail recruited, advertised, marketed, and profited off Florida citizens and others throughout the United States, including Plaintiff Tarah Fleischman and her minor child, C.F. Defendant Forest Trail was and is located within the jurisdiction of this court and did business throughout Florida, including in West Palm Beach where their principal address was located.

**UNITED SECURE YOUTH TRANSPORT AGENCY**

---

[11] *See* Exhibits "G", "H", and "I".

51.     Defendant, United Secure Youth Transport Agency, LLC (hereinafter "USYTA") was and is a Nevada company whose registered agent resides at 590 West Mesquite Blvd, Suite 202A, Mesquite NV 89027.

52.     At all times material, Defendant USYTA provided transportation services to minors, including C.F., from the United States to ALA, while either knowing or should have known that ALA was systematically abusing, neglecting, and/or trafficking children, including the children they were transporting such as minor Plaintiff C.F.

53.     Since approximately 2015 through 2024, USYTA partnered with the Atlantis Defendants to transport children to ALA. USYTA, through its employees, agents, and/or contracted transporters, met with Randall Cook in Jamaica and visited the premises of ALA on dozens of occasions. USYTA, through its employees, agents, and/or contracted transporters, observed the inhumane conditions in which the children enrolled at ALA lived, witnessed children at ALA be abused and neglected, and knew or should have known that the children were forced to engage in manual labor by ALA and its staff.

54.     Based upon the personal knowledge of its employees, agents, and contracted transporters, USYTA knew or should have known that ALA was not a safe, secure, nurturing, educational, or therapeutic environment for any child, including minor Plaintiff C.F.

55.     Defendant USYTA holds itself out as specializing in transporting "struggling teens", "troubled youth", and "special needs" children to specialty boarding schools, wilderness programs, and military schools.[12]

56.     Defendant USYTA formed a partnership with ALA and entered into a contract to provide youth transportation services to children enrolled at ALA, including minor-Plaintiff C.F.

---

[12] See USYTA Website "Home Page" (https://usyta.com/) (last visited October 31, 2024), attached hereto as Exhibit "F".

Defendant USYTA also formed a partnership with Forest Trail by providing youth transportation services to children enrolled at Forest Trail and ALA, including minor-Plaintiff C.F.

57.     Defendant USYTA profited financially through this contract and partnership with ALA and Forest Trail.

58.     Defendant USYTA misrepresented to parents and minor children, including Plaintiffs herein, that ALA was a safe place to send their children and that their needs would be met and card for while providing therapeutic services to minor children including Plaintiff, while concealing the fact that USYTA knew otherwise.

59.     USYTA knew or should have known that ALA and Forest Trail were not providing educational services to their students and should have warned Plaintiffs about this misrepresentation.

60.     At all times material, Defendant USYTA was authorized to do and/or doing business within the jurisdiction of this court. At all times material, Defendant USYTA recruited, advertised, marketed, and profited off Florida citizens and others throughout the United States, including Plaintiff Tarah Fleischman and her minor child, C.F. USYTA also transported several children to ALA from Florida and/or through Florida over the course of their partnership with the Atlantis Defendants.

61.     This Court has personal jurisdiction over USYTA pursuant to the Florida Statute §48.193 and the Due Process Clause of the Fourteenth Amendment to the United States Constitution, as USYTA has established minimum contacts with the State of Florida such that the maintenance of this lawsuit does not offend traditional notions of fair play and substantial justice.

62.     USYTA operated, conducted, engaged in, and carried out a business and a business venture in Florida by partnering with a Florida company by providing transportation services in

Florida, recruiting and promoting transportation services in Florida, partnering with ALA and Forest Trails to promote ALA as an accredited boarding school and education institution, and entering a venture with Defendants, including Florida entity Forest Trail, to profit from the transportation of children to ALA.

63.     These minimum contacts include but are not limited to, recruiting, advertising, profiting from, marketing, conducting regular business with and partnering with clients and businesses in Florida.

64.     The claims asserted herein arise out of or relate to Defendant's contacts with the State of Florida, specifically the partnership and joint venture between Defendant USYTA, Forest Trail, and the other Defendants.

65.     The exercise of personal jurisdiction over Defendant is reasonable and comports with traditional notions of fair play and substantial justice, as Defendant has purposefully availed itself of the privilege of conducting activities in the State of Florida.

66.     Defendant's contacts were substantial and not isolated activity within Florida.

## DEBBIE CELANI

67.     Defendant, Debbie Celani (hereinafter "Celani") was and is a "youth placement specialist" who manipulated C.F.'s parents in placing him at Atlantis Leadership Academy. Celani resides at 877 E Posado Street, Ivins, UT.

68.     At all times material, Defendant Celani did business within the jurisdiction of this court. At all times material, Defendant Celani recruited, advertised, marketed, and profited off Florida citizens and others throughout the United States, including Plaintiff Tarah Fleischman and her minor child, C.F. At all times material, Celani communicated with the Fleischman family and knew that she would be assisting minor C.F. to enroll at ALA.

69.     Celani formed a partnership with ALA and entered into a contract with the Atlantis Defendants to refer children to ALA, including minor-Plaintiff C.F. Celani also formed a partnership with Forest Trail in that she misrepresented material facts about ALA's educational services provided by Forest Trail to entice, persuade, and convince Plaintiff to trust ALA and enroll minor Plaintiff C.F. in their program.

70.     Celani profited financially through her contract and partnership with ALA and Forest Trail

71.     Celani represented to Plaintiffs that she personally knew Randall Cook and had visited and vetted ALA as a placement option for minor C.F. Thus, Celani knew or should have known that ALA was not in fact a safe, secure, nurturing, educational, or therapeutic environment for any child, including minor Plaintiff C.F.

72.     Celani knew or should have known that ALA and Forest Trail were not providing educational services to their students and should have warned Plaintiffs about this misrepresentation instead of actively promoting ALA as a healthy, safe, and necessary placement for their children including Plaintiff C.F.

73.     At all times material, Celani, was authorized to do and/or doing business within the jurisdiction of this court. At all times material, Celani recruited, advertised, marketed, and profited off Florida citizens, including Plaintiff, Tarah Fleischman and her minor child, C.F.

74.     This Court has personal jurisdiction over Celani pursuant to the Florida Statute §48.193 and the Due Process Clause of the Fourteenth Amendment to the United States Constitution, as Celani has established minimum contacts with the State of Florida such that the maintenance of this lawsuit does not offend traditional notions of fair play and substantial justice.

75.     Celani operated, conducted, engaged in, and carried out a business and a business

14

venture in Florida by partnering with a Florida company by providing placement care services in Florida, recruiting and promoting placement care services in Florida, partnering with ALA and Forest Trails to promote ALA as an accredited boarding school and education institution, and entering into a venture with Defendants, including Florida entity Forest Trail, to profit from the placement of children at ALA.

76.     These minimum contacts include but are not limited to, recruiting, advertising, profiting from, marketing, conducting regular business with and partnering with clients and businesses in Florida.

77.     Celani has purposefully directed activities toward the State of Florida by providing placement care services in Florida, recruiting and promoting placement care services in Florida, partnering with ALA and Forest Trails to promote ALA as an accredited boarding school and education institution, and entering a venture with Defendants, including Florida entity Forest Trail, to profit from the placement of children at ALA.

78.     The claims asserted herein arise out of or relate to Defendant's contacts with the State of Florida specifically the partnership between Celani and Forest Trail, which is the Florida entity which enabled ALA to hold itself out as an educational institution that Celani could then recommend to unsuspecting parents, influencing Plaintiffs.

79.     The exercise of personal jurisdiction over Defendant is reasonable and comports with traditional notions of fair play and substantial justice, as Defendant has purposefully availed itself of the privilege of conducting activities in the State of Florida.

80.     Defendants' contacts were substantial and not isolated activity within Florida.

**AS TO ALL DEFENDANTS**

81.    At all times relevant herein, all Defendants were doing business in Florida, had their principal places of business located within the State of Florida, and/or were in a continuous and ongoing business relationship for profit with a Florida company.

82.    At all times relevant herein, Defendants purposefully directed business activities to and transacted business in the State of Florida and availed themselves to the jurisdiction of Florida.

83.    Students of ALA regularly  traveled through Florida to obtain access to ALA.

84.    Further, at all times relevant, all Defendants committed tortious acts within Florida as they were all engaged in a conspiracy with a Florida company, Forest Trail Academy, to mislead, misrepresent, defraud, and exploit vulnerable children and their parents and/or guardians, including Plaintiffs, for financial profit.

85.    While in the State of Florida, Defendant Forest Trail graded students papers, tests, and homework, and also communicated directly with parents of ALA students.

86.    While in the State of Florida, Defendant Forest Trail also communicated directly with ALA, Randall Cook, and Lisa Cook, in furtherance of their conspiracy.

87.    At all times material, Plaintiff C.F. was a minor child in the custody and care of Defendants.

88.    This Court has subject matter jurisdiction pursuant to 18 U.S.C. §1595, which provides the district courts of the United States jurisdiction over violations of 18 U.S.C. §1589.

89.    This Court has subject matter jurisdiction over this matter because this matter involves a federal question pursuant to 18 U.S.C. §1589.

90.     This Court also has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 in that all claims are so related within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

16

91.     This Court is "an appropriate district court of the United States" in accordance with 18 U.S.C. §1595 and 18 U.S.C. § 2255.

92.     This is an action which exceeds $75,000 (seventy-five thousand dollars), exclusive of costs and fees.

93.     Venue is proper in this jurisdiction pursuant to 28 U.S.C. § 1391.

## FACTUAL BACKGROUND

94.     At all relevant times, Defendant ALA was allegedly—and held itself out as—an "affordable, structured Boarding Academy serving young men who possess strong leadership skills, though they've taken some wrong turns in their lives."[13]

95.     Defendant Randall Cook is and was, at all relevant times, the Owner and Director ALA and in that capacity, and in other capacities identified herein, exercised management and supervisory authority over ALA, the staff employed there, and the children enrolled there, including minor Plaintiff C.F.

96.     Defendant, Lisa Cook is and was, at all relevant times, the co-owner of ALA and was responsible for marketing, advertising, and facilitating, managing, and coordinating business relationships between ALA and other entities, including but not limited to Defendants Forest Trail, USYTA, and Celani. Additionally, Defendant Lisa Cook communicated directly with parents to obtain financial payment for the services ALA purported to provide to their children. More specifically, Defendant Lisa Cook directly solicited and collected financial payments from Plaintiff Tarah Fleischman for the services ALA purported to provide minor Plaintiff C.F.

---

[13] *See* Atlantis Leadership Academy Website, "Overview"  (https://www.atlantis.academy/overview) (captured March 28, 204), attached hereto as Exhibit "A". Since the initiation of this lawsuit, this website has subsequently been taken down and thus the URL link is no longer operational.

97.     Defendant Forest Trail is and was, at all relevant times, an online education program which allegedly provided education services to the children located at ALA and further provided accreditation services to ALA.[14] But for this accreditation from Forest Trail, ALA could not hold itself out as an educational institution.

98.     Pursuant to ALA's "Atlantis At a Glance" Brochure, ALA promised the following: "Academics provided by Forest Trail Academy, a top ranked, fully accredited USA online school. (www.foresttrailacademy.com).[15]

99.     Defendants USYTA and Celani worked in conjunction with the Atlantis Defendants to promote, advertise, recruit, transport, and mislead and, ultimately, profit from parents and guardians, such as Plaintiff, Tarah Fleischman, to send their children to ALA.

100.    At the time of this filing, there are criminal charges pending against multiple employees, agents, and staff members of ALA for the abuse and neglect of children in the care and custody of ALA, including Plaintiff C.F. Defendant Randall Cook is currently a "person of interest" in the criminal investigation and prosecution of ALA staff members. Randall Cook fled the jurisdiction of Jamaican law enforcement authorities in April 2024 to escape prosecution. As recently as February 2025, Randall Cook was living in Miami, Florida, and—through legal counsel—communicated with attorneys for Plaintiff.  On a zoom virtual meeting with undersigned counsel, Mr. Cook was physically present in his lawyer's office in Florida.

---

[14] *See* Atlantis Leadership Academy Website, "Home Page" (https://www.atlantis.academy) (captured March 28, 2024), attached hereto as Exhibit "B". Since the initiation of this lawsuit, this website has subsequently been taken down and thus the URL link is no longer operational. *See also* Forest Trail Academy Brochure, attached hereto as Exhibit "C".
[15] *See* "Atlantis at a Glance" Brochure, attached hereto as Exhibit "D".

101.    At all times material, the Atlantis Defendants, Forest Trail, USYTA, and Celani had a duty to maintain close supervision for the safety, well-being, and security of the children enrolled at ALA and owed a duty to safely operate ALA.

102.    Defendants, collectively, promoted, recruited, marketed, and/or advertised ALA throughout the United States, including in Florida, in an effort to have parents and guardians, unaware of the atrocities that were being committed at ALA, send their children to ALA, which resulted in significant profits/financial gain to all Defendants.

103.    Defendant Forest Trail, the Atlantis Defendants, Defendant USYTA, Celani and their respective employees and agents had obligations to act *in loco parentis* for the minor children, including Plaintiff C.F., in their care, custody, control, and guardianship.

104.    Pursuant to FS § 39.201, Defendants were all obligated and required to notify the State of Florida to report that minor children—including minor Plaintiff C.F.—had been or may have been abused or neglected, all of which occurred repeatedly and systematically on separate occasions by separate staff/employees/administrators/agents and/or members and none of which was ever reported by Defendants.

105.    At all times relevant hereto, Defendants Forest Trail, the Atlantis Defendants, USYTA, and Celani had a duty to the minor children in their care, custody, and control to maintain a safe and secure environment free from physical, educational, and emotional abuse, all of which occurred repeatedly and separately to minor Plaintiff C.F. on countless number of instances.

106.    At all times relevant hereto, Defendants Forest Trail, the Atlantis Defendants, USYTA, and Celani had a duty to disclose material information to Plaintiffs about ALA and its program, including whether or not it was actually safe and whether minor Plaintiff C.F. would be subject to harm at ALA.

19

107.    At all times relevant hereto, Defendants Forest Trail, the Atlantis Defendants, USYTA, and Celani had a duty to the minor children they placed, transported, and cared for at ALA to not subject them to an increased risk of harm. Defendants undertook this duty when they contracted with and/or provided services to Plaintiff to place, transport, and care for minor C.F. at ALA.

108.    Defendants USYTA and Celani represented to Plaintiff Tarah Fleischman that ALA was a safe, secure, educational, accredited, therapeutic environment that would meet all of minor Plaintiff C.F.'s needs. These Defendants warranted to Plaintiff Tarah Fleischman that minor C.F. would not be harmed while at ALA and further represented that they were not only familiar with ALA but had helped to place other children at ALA in the past and were personally familiar with the program and its owners, Randall and Lisa Cook.

109.    Celani specifically also put Plaintiff Tarah Fleischman into communication with the Atlantis Defendants, who also represented that ALA was a safe, secure, educational, therapeutic environment that would meet all of minor Plaintiff C.F.'s needs. The Atlantis Defendants warranted to Plaintiff Tarah Fleischman that minor C.F. would not be harmed or abused while at ALA and represented that they had protected, educated, and served the needs of other children at ALA in the past. The Atlantis Defendants, and specifically through Defendant Randall Cook, connected Plaintiff Tarah Fleischman with Defendant USYTA.

110.    Before and at the time Celani, the Atlantis Defendants, and Defendant USYTA made such representations to Plaintiffs, Defendant Forest Trail was providing accreditation services to ALA.

111.    Plaintiffs relied upon the representations of Celani, the Atlantis Defendants, and Defendant USYTA and the accreditation provided by Defendant Forest Trail to ALA and, as a

result, agreed to place minor Plaintiff C.F. in their care, custody, and guardianship. Defendants had superior information about ALA and knew Plaintiffs would rely on their representations to act. Defendants hid the realities about ALA from Plaintiffs and purposefully misled Plaintiffs because disclosure of the truth would mean minor Plaintiff C.F. would not be enrolled at ALA and Defendants would not profit from his enrollment.

112.    Plaintiffs specifically chose ALA because of these representations and because of the accreditation through Forest Trail.

113.    Defendant Forest Trail, the Atlantis Defendants, Defendant USYTA, and Celani made the above representations at a time when they were engaged in an ongoing and continuous business enterprise with one another which resulted in financial gain for each Defendant based upon inducing parents to send their children to ALA. The greater the number of children entrusted to ALA, the greater each Defendant's financial profit from the transportation and enrollment of said children.

114.    Defendant USYTA transported minor C.F. from Wisconsin to Jamaica in approximately May of 2023. Minor C.F. resided at ALA from approximately May 2023 until approximately February 2024 when the Jamaican Child Protection and Family Services Agency removed all of the children enrolled at ALA from the facility, including minor Plaintiff C.F.

115.    While at ALA, minor C.F. suffered separate acts of mistreatment on separate occasions, including, child abuse, assault, and neglect on separate occasions including but not limited to child abuse, child neglect, torture, cruel and unusual punishment waterboarding, malnutrition (nutritional neglect), educational neglect, trafficking through forced manual labor, deprivation of a child's basic needs and other forms of abuse, assault, and neglect.

116.    Specifically, over the course of the above-referenced months when C.F. was enrolled as a student of Defendant Forest Trail and while attending ALA, the following acts occurred:

    a.  C.F. was beaten by staff and other children.

    b.  C.F. deprived of food and water.

    c.  C.F. was deprived of nutrition.

    d.  C.F. was deprived of an education.

    e.  C.F. was deprived of a child's basic needs.

    f.  C.F. was repeatedly and routinely physically assaulted by adults at ALA who hit, kicked, stomped, slapped, punched, and strangled him.

    g.  C.F. was repeatedly and routinely threatened with physical violence from ALA staff.

    h.  C.F. was repeatedly threatened by ALA staff who brandished knifes on him and threatened to kill him.

    i.  The staff at ALA never handled C.F.'s disabilities in a proper, safe, and humane manner and instead humiliated him, insulted him, aggravated his disabilities, and tortured him.

    j.  The staff at ALA never provided C.F. with proper medical care and never obtained proper medications for C.F. to properly manage the symptoms of his Tourette's, ADHD, and OCD.

    k.  The staff at ALA never provided C.F. with proper dental care, causing him great pain, discomfort, and difficulty in performing everyday tasks.

l.  The staff at ALA would make other minor children attack, beat, punch, and hit C.F. on a daily basis.

m.  Staff would routinely beat C.F. on a daily basis with a broomstick.

n.  C.F. was forced by ALA staff to endure daily strenuous physical exercise, including being forced to run for hours on end and lift and carry heavy objects without being provided any breaks, water, or food; C.F. was made to do these "workouts" to the point of both physical and mental exhaustion and was threatened and assaulted by ALA staff when he did not or could not "keep pace".

o.  C.F. was stripped naked and hosed down with water by ALA staff on multiple occasions. This is a form of sexual abuse and sexual humiliation of a minor child.

p.  C.F. and other children were forced to drink and bathe in polluted gray water that often times had insects or dead animals floating in it.

q.  C.F. was on at least one occasion forced by staff to stay awake for approximately five (5) days at a time, without receiving food or water; C.F. and other children were under constant surveillance from ALA staff, who would make loud noises or bang on objects every time he began to fall asleep.

r.  C.F. was forced to engage in manual labor on a daily basis, which included: cleaning the ALA facility; doing landscaping work at ALA, the local beach, the local sports park, and local rental properties; and cleaning the vehicles of ALA staff members. C.F. was not given any breaks and did not receive payment for his labor.

s.  C.F. suffered other acts of abuse and neglect.

117.    Minor Plaintiff C.F. was also trafficked by ALA staff when he was subjected to forced manual labor, including but not limited to acts of landscaping and cleaning, on a regular basis, against his will through the use of force, fraud, and coercion and without receiving any compensation in return for said labor. The Atlantis Defendants forced C.F. to engage in this activity for their own financial profit, which was shared with Defendants Forest Trail, USYTA, and Celani.

118.    As a result of the abuse at ALA minor, C.F. suffers from permanent and significant physical, vocational, mental and emotional harm that will continue to impair and negatively impact him for the rest of his life.

119.    Defendant Forest Trail, the Atlantis Defendants, Defendant USYTA, and Celani failed to adequately and/or sufficiently staff the subject facility and monitor the staff for the safety and security of the children enrolled and living at ALA.

120.    Defendant Forest Trail, the Atlantis Defendants, USYTA and Celani failed to ensure that the information the promised to parents about the service provided and the housing and accommodations for the children were true and accurate.

121.    At all times relevant, Defendant Forest Trail, the Atlantis Defendants, Defendant USYTA, and Celani breached their duty to exercise appropriate and safe dominion, control, oversight, guardianship, and proper management of ALA, thereby causing significant and permanent injury and damages to Plaintiff C.F.

122.    The combined conduct of Defendant Forest Trail, the Atlantis Defendants, Defendant USYTA, and Celani, through financial support, program design, marketing, advertising, promotion, transportation, lack of supervision, and acceptance of a culture of silence, secrecy, and concealment combined with acts of cruelty, torture, and punishment endangered the health, safety, and welfare of children residing at ALA, including Plaintiff C.F.

24

123.     Defendants' combined conduct in promoting ALA and in charging tuition, without providing an education, enacting deficient educational program designs, falsely advertising that they were following the Forest Trail accreditation, negligent supervision, and a culture of silence and secrecy endangered the health, safety, and welfare of minor children at ALA, including minor C.F.

124.     Defendants had a continuous business relationship with each other which preyed on and defrauded  parents, including Plaintiff Tarah Fleischman, and caused the abuse of minor children, including minor C.F. In turn, the Defendants knowingly benefitted from their participation in ALA's venture by the continued promotion of Atlantis Leadership Academy and its brand.

125.     Defendants, using ALA's resources, engaged in a pattern and practice of recruiting, luring, enticing, obtaining, and exploiting underaged boys, and causing them through force, physical restraint, the threat of force and physical restraint, and coercion, to engage in forced labor and be subject to involuntary servitude at ALA and human trafficking at ALA.

126.     Defendants had actual knowledge of ALA's unlawful acts through their employees and agents, including but not limited to Celani, Randall Cook, and Lisa Cook. Further, Forest Trail, through its administration, management, and ownership, had a direct relationship to Randall Cook and was informed about the realities of ALA and the treatment of children there. Lastly, USYTA, through its employees, agents, and contracted transporters, also personally knew Randall Cook and frequently visited the premises of ALA to directly observe the treatment of children at ALA.

127.     The Defendants knowingly aided and abetted, facilitated, and participated in ALA's illegal trafficking venture by being integrally involved in the recruitment of minor boys and the logistical steps necessary for ALA to recruit, lure, entice, obtain, and exploit underaged victims.

Defendants Forest Trail and USYTA partnered with the Atlantis Defendants in this way from approximately 2015 to 2024. Defendant Celani partnered with the Atlantis Defendants in this way from approximately 2019 to 2024.

128.    Defendant Forest Trail, the Atlantis Defendants, Defendant USYTA, and Celani intentionally used ALA's brand and resources to defraud, recruit, entice, and/or lure parents and legal guardians to enroll their minor children in ALA and give ALA custody of their minor children, where their minor children were then exploited and made to engage in forced labor and indentured servitude.

129.    Further, Defendant Forest Trail, the Atlantis Defendants, Defendant USYTA, and Celani knowingly financed, profited from, and benefitted from and/or attempted to and/or conspired to benefit from ALA's human trafficking operation and the forced labor of minor children.

130.    Defendants' conduct, as outlined above, violates the Trafficking Victims Protection Reauthorization Act (hereinafter "TVPRA"), which outlaws persons from recruiting, enticing, obtaining, or luring a person and force or coerce that person into labor and/or involuntary servitude. Defendants are guilty of aiding and abetting each other in violations of the TVPRA by knowingly facilitating and enabling the illegal conduct of each other.

131.    Defendants also directly violated the TVPRA because they knowingly benefitted from participation in ALA's venture with knowledge, or in reckless disregard of the fact, that the Atlantis Defendants and their employees and/or agents used means of force, threats of force, fraud, and coercion to force children into involuntary servitude and forced labor.

132.    All Defendants aided, abetted, and concealed all of the abuse suffered by C.F. as detailed above.

133.    All Defendants fraudulently concealed the fact they committed tortious acts against

minor, C.F.

<div align="center">

**<u>COUNT I</u>**
**NEGLIGENCE**
*Plaintiffs v. Defendant Forest Trail*

</div>

134.    Defendant Forest Trail owed a duty to exercise reasonable care to ensure the safety

and protect the health and welfare of minor Plaintiff C.F. and provide a safe educational

environment through its partnership with ALA.

135.    At all times material, Defendants  Forest Trail owed a duty to act *in loco parentis*

for the minor children, including minor Plaintiff C.F., in their care, custody, control, and

guardianship as the entity responsible for educating children at ALA, including minor Plaintiff

C.F.

136.    Florida schools, such as Forest Trail, have duties to supervise their students and

ensure that they are not subject to reasonably foreseeable harm. Moreover, pursuant to the Florida

School Health Services Act, FS § 381.0056, Florida schools, such as Forest Trail, had a duty to

develop health services plans, meet students' emergency health needs, and consulting with

students' parents or guardians regarding the need for health attention by physicians, dentists, or

other health specialists.

137.    Further, Forest Trail undertook additional duties to Plaintiff C.F. pursuant to the

contract it entered into with ALA for their students' education.[16] These duties include:

- Maintain and monitor the websites and courses. (Ex. "M" at p. 1).
- Keep in compliance with Florida Department of Education and accreditation agencies. (Ex. "M" at Article IV 4.2(A)(ii)).
- Provide all of the technological resources to create quality online internet-based courses.  (Ex. "M" at Article IV 4.2(A)(vi)).

---

[16] *See* Contract between Forest Trail Academy and Atlantis Leadership Academy dated December 2, 2015, attached hereto as Exhibit "M".

<div align="center">27</div>

- Provide telephone and online technical support to ALA faculty, **students**, and staff who need course use and administrative technical support.  (Ex. "M" at Article IV 4.2(A)(vii)) (emphasis added).
- Cooperate with ALA's efforts in marketing the Forest Trail program to increase enrollment.  (Ex. "M" at Article IV 4.2(A)(ix)).
- Provide a reasonable amount of faculty training. (Ex. "M" at Article IV 5.3).
- Remain the contact for course materials for **students**, parents, and faculty. (Ex. "M" at Article VI, 6.1) (emphasis added).

138.     Defendant Forest Trail knew or should have known that there was a high probability that their conduct in partnering with ALA would cause physical injury, severe emotional distress, mental anguish, pain and suffering to minor C.F.

139.     Defendant Forest Trail negligently, carelessly, and recklessly breached their duties to act and use reasonable care to ensure the safety and protect the health and welfare of minor Plaintiff C.F. in that Defendant Forest Trail knew or should have known that minor Plaintiff C.F. was being subjected to child abuse, neglect, mistreatment, torture, and forced labor as described herein.

140.     Further, Defendant Forest Trail breached their duties by doing the following:

a. Negligently and carelessly failing to adopt and implement adequate policies and procedures to protect minor C.F. from the abuse described herein;

b. Failing to follow or institute basic policies concerning the safety and care of children at ALA, its accredited partner in education;

c. Failing to take reasonable steps to prevent or prohibit child abuse, child neglect, mistreatment, or torture at ALA, its accredited partner in education;

d. Failing to adopt, implement, enforce, or follow reasonable and adequate policies and procedures for the protection and supervision of minor children in the care and custody of ALA, its accredited partner in education;

e. Permitting minor children, including minor Plaintiff C.F. to be physically and emotionally abused, neglected, and tortured;

f. Permitting unfit staff, employees, and agents of ALA to exercise authority, care, supervision, guidance, and/or control over minor Plaintiff C.F. at the time he was physically and emotionally abused, neglected, and tortured;

g. Permitting unfit staff, employees, and agents of ALA to engage in illegal conduct within the course and scope of their employment and/or agency with ALA while minor Plaintiff C.F. was enrolled as a student in Forest Trail's care and custody;

h. Failing to properly and adequately supervise and discipline staff, employees, and/or agents to prevent the physical and emotional abuse, neglect, and torture that minor Plaintiff C.F. experienced at ALA;

i. Failing to inform parents, guardians, or authorities of child abuse incidents at ALA;

j. Failing to warn or otherwise make reasonable safe the environment and property which the Atlantis Defendants controlled, leading to the harm of minor Plaintiff C.F.;

k. Failing to report known and/or suspected acts of child abuse and neglect to the Jamaican government, the State of Florida, and/or other governmental bodies, regulatory authorities, and human services authorities;

l. Lying and deceiving authorities and regulatory agencies regarding the care and safety of the children at ALA;

m. Obstructing investigations by authorities and regulatory agencies regarding the care and safety of the children at ALA;

n. Failing to ensure that directors, teachers, leaders, mentors, staff, employees and other individuals having access to children at ALA had or received adequate training, experience and supervision to protect the children from harm which occurred as alleged herein;

o. Failing to hire and/or supervise employees and others having access to minor children enrolled in Forest Trail's educational program at ALA, specifically, minor C.F.;

p. Failing to conduct meaningful background checks and/or investigations when hiring its employees, agents and/or staff and, in fact, created a work force that government authorities would be unable to locate in the event of an investigation and which investigations had occurred and were recurring;

q. Failing to properly supervise and discipline its staff, employees, and/or agents who created an environment in which the abuse, neglect, and torture of minor Plaintiff C.F. was permitted to take place;

r. Misleading parents and guardians to believe that ALA was a safe place to send their children;

29

s.   Falsely promoting ALA to be an allegedly safe and danger-free place to send their children;

t.   Falsely marketing ALA to be an allegedly safe and danger-free place to send their children;

u.   Recruiting parents and guardians to send their children to ALA despite knowing about the abuse and neglect occurring at the facility;

v.   Accrediting ALA as an educational institution with suitable standards;

w.   Partnering with ALA and holding ALA out as safe, secure, educational, and therapeutic environment for children, including minor Plaintiff C.F.;

x.   Assisting in the transportation of minor children to ALA despite knowing about the abuse and neglect regularly occurring at the facility;

y.   Entering into a business venture that Forest Trail knew was engaging in the trafficking of minor children, who were then subject to abuse, neglect, torture, and forced labor;

z.   Benefitting from a business venture that Forest Trail knew was engaging in the trafficking of minor children, who were then subject to abuse, neglect, torture, and forced labor;

aa.   Failing to provide education services to children, including minor Plaintiff C.F.;

bb.   Failing to abide by the terms of its accreditation provided to ALA;

cc.   Negligently managing and operating Forest Trail; and

dd.   All other acts of negligence not currently known to Plaintiffs.

141.   As a direct and proximate result of the negligence of Defendant Forest Trail, C.F., a minor suffered severe bodily harm and emotional distress.

142.   As a direct and proximate result of the negligence of Defendant Forest Trail, minor Plaintiff C.F., was seriously and severely injured in and about the head, neck, back, body and limbs and was thereby rendered sick, sore, lame, paralyzed, and otherwise disabled or, in the alternative, the injuries aforesaid thereby caused or contributed to cause an aggravation of a previous existing defect or infirmity; and as a direct result thereof, minor Plaintiff C.F., has in the past suffered and

will in the future suffer pain and suffering, pain and anguish of body and mind, and loss of capacity for the enjoyment of life, all of which conditions are permanent or continuing in nature, and all of which has occurred in the past and will occur in the future.

143.    As a further direct and proximate result of the negligence of Defendant Forest Trail, minor Plaintiff C.F., has in the past undergone and will in the future undergo medical care and treatment and has in the past incurred and will in the future incur medical bills and expenses attendant to the injuries, as aforesaid.

144.    As a direct and proximate result of the negligence of Defendant Forest Trail, Plaintiff Tarah Fleischman, and her husband, has had to incur medical expenses for the care of her son, C.F. These expenses occurred in the past and are expected to occur in the future.

145.    As a further direct and proximate result of the negligence of Defendant Forest Trail, minor Plaintiff C.F., has in the past sustained and will in the future sustain loss of earnings and earning capacity.

**WHEREFORE**, Plaintiff, Tarah Fleischman, as Parent and Guardian to C.F., a minor, demands judgment against Defendant Forest Trail Academy, LLC, in a sum in excess of Seventy-Five Thousand ($75,000.00) Dollars, and in excess of the prevailing arbitration limits, in compensatory damages and punitive damages, exclusive of pre-judgment interest, post-judgment interests and costs.

<u>**COUNT II**</u>
**NEGLIGENCE**
*Plaintiffs v. The Atlantis Defendants*

146.    Defendants Atlantis Leadership Academy, LLC, Randall Cook, and Lisa Cook (the "Atlantis Defendants") owed a duty to exercise reasonable care to ensure the safety and protect the

health and welfare of minor Plaintiff C.F. and provide a safe environment through the housing facilities and administration of Atlantis Leadership Academy ("ALA").

147.   At all times material the Atlantis Defendants owed a duty to act *in loco parentis* for the minor children, including Plaintiff C.F., in their care, custody, control, and guardianship.

148.   The Atlantis Defendants knew or should have known that there was a high probability that their conduct would cause physical injury, severe emotional distress, mental anguish, pain, and suffering to minor C.F.

149.   The Atlantis Defendants negligently, carelessly, and recklessly breached their duties to act and use reasonable care to ensure the safety and protect the health and welfare of minor C.F. in that Defendants knew or should have known that minor, C.F., was being subjected to child abuse, child neglect, mistreatment, and torture as described herein.

150.   Further, the Atlantis Defendants breached their duties by doing the following:

    a.  Negligently and carelessly failing to adopt and implement adequate policies and procedures to protect minor C.F. from the abuse described herein;

    b.  Failing to follow or institute basic policies concerning the safety and care of children at ALA;

    c.  Failing to take reasonable steps to prevent or prohibit child abuse, child neglect, mistreatment, or torture at ALA;

    d.  Failing to adopt, implement, enforce, or follow reasonable and adequate policies and procedures for the protection and supervision of minor children in the care and custody of ALA;

    e.  Permitting minor children, including minor Plaintiff C.F. to be physically and emotionally abused, neglected, and tortured;

    f.  Permitting unfit staff, employees, and agents of ALA to exercise authority, care, supervision, guidance, and/or control over minor Plaintiff C.F. at the time he was physically and emotionally abused, neglected, and tortured;

g.  Permitting unfit staff, employees, and agents of ALA to engage in illegal conduct within the course and scope of their employment and/or agency with ALA while minor Plaintiff C.F. was in the care and custody of the Atlantis Defendants;

h.  Failing to properly and adequately supervise and discipline ALA staff, employees, and/or agents to prevent the physical and emotional abuse, neglect, and torture that minor Plaintiff C.F. experienced;

i.  Failing to inform parents, guardians, or authorities of child abuse incidents at ALA;

j.  Failing to warn or otherwise make reasonable safe the environment and property which the Atlantis Defendants controlled, leading to the harm of minor Plaintiff C.F.;

k.  Failing to report known and/or suspected acts of child abuse and neglect to the Jamaican government, the State of Florida, and/or other governmental bodies, regulatory authorities, and human services authorities;

l.  Lying and deceiving authorities and regulatory agencies regarding the care and safety of the children at ALA;

m.  Obstructing investigations by authorities and regulatory agencies regarding the care and safety of the children at ALA;

n.  Failing to ensure that directors, teachers, leaders, mentors, staff, employees and other individuals having access to children at ALA had or received adequate training, experience and supervision to protect the children from harm which occurred as alleged herein;

o.  Failing to hire and/or supervise employees and others having access to minor children at ALA, specifically, minor C.F., by virtue of their employment and/or affiliation with ALA;

p.  Failing to conduct meaningful background checks and/or investigations when hiring its employees, agents and/or staff and, in fact, created a work force that government authorities would be unable to locate in the event of an investigation and which investigations had occurred and were recurring;

q.  Failing to properly supervise and discipline its staff, employees, and/or agents who created an environment in which the abuse, neglect, and torture of minor Plaintiff C.F. was permitted to take place;

r.  Misleading parents and guardians to believe that ALA was a safe place to send their children;

s. Falsely promoting ALA to be an allegedly safe and danger-free place to send their children;

t. Falsely marketing ALA to be an allegedly safe and danger-free place to send their children;

u. Recruiting parents and guardians to send their children to ALA despite knowing about the abuse and neglect occurring at the facility;

v. Facilitating the transportation of minor children to ALA, despite knowing about the abuse and neglect regularly occurring at the facility;

w. Assisting in the transportation of minor children to ALA despite knowing about the abuse and neglect regularly occurring at the facility;

x. Entering into a business venture that the Atlantis Defendants knew was engaging in the trafficking of minor children, who were then subject to abuse, neglect, torture, and forced labor;

y. Benefitting from a business venture that the Atlantis Defendants knew was engaging in the trafficking of minor children, who were then subject to abuse, neglect, torture, and forced labor;

z. Failing to provide education services to children, including minor Plaintiff C.F.;

aa. Failing to abide by the terms of its accreditation provided to ALA;

bb. Negligently managing and operating ALA; and

cc. All other acts of negligence not currently known to Plaintiffs.

151. As a direct and proximate result of the negligence of the Atlantis Defendants, C.F., a minor suffered severe bodily harm and emotional distress.

152. As a direct and proximate result of the negligence of the Atlantis Defendants, minor Plaintiff C.F., was seriously and severely injured in and about the head, neck, back, body and limbs and was thereby rendered sick, sore, lame, paralyzed, and otherwise disabled or, in the alternative, the injuries aforesaid thereby caused or contributed to cause an aggravation of a previous existing defect or infirmity; and as a direct result thereof, minor Plaintiff C.F., has in the past suffered and will in the future suffer pain and suffering, pain and anguish of body and mind, and loss of capacity

34

for the enjoyment of life, all of which conditions are permanent or continuing in nature, and all of which has occurred in the past and will occur in the future.

153.    As a further direct and proximate result of the negligence of the Atlantis Defendants, minor Plaintiff C.F., has in the past undergone and will in the future undergo medical care and treatment and has in the past incurred and will in the future incur medical bills and expenses attendant to the injuries, as aforesaid.

154.    As a direct and proximate result of the negligence of the Atlantis Defendants, Plaintiff Tarah Fleischman has had to incur medical expenses for the care of her son, C.F. These expenses occurred in the past and are expected to occur in the future.

155.    As a further direct and proximate result of the negligence of the Atlantis Defendants, minor Plaintiff C.F., has in the past sustained and will in the future sustain loss of earnings and earning capacity.

**WHEREFORE**, Plaintiff, Tarah Fleischman, as Parent and Guardian to C.F., a minor, demands judgment against Defendants Atlantis Leadership Academy, Randall Cook, and Lisa Cook in a sum in excess of Seventy-Five Thousand ($75,000.00) Dollars, and in excess of the prevailing arbitration limits, in compensatory damages and punitive damages, exclusive of pre-judgment interest, post-judgment interests and costs.

<u>**COUNT III**</u>
**NEGLIGENCE**
***Plaintiffs v. Defendant USYTA***

156.    Defendant United Secure Youth Transport Agency, LLC ("USYTA") owed a duty to exercise reasonable care to ensure the safety and protect the health and welfare of minor Plaintiff C.F. when in its care, custody, control, and guardianship and not subject minor Plaintiff C.F. to physical and emotional abuse, neglect, and torture.

157.    At all times material, Defendant USYTA owed a duty to act *in loco parentis* for the minor children, including Plaintiff C.F., in its care, custody, control, and guardianship.

158.    In agreeing and/or contracting with Plaintiff Tarah Fleischman to transport minor C.F. to ALA, Defendant USYTA undertook a duty to not expose C.F. to foreseeable harm by their actions.

159.    Defendant USYTA knew or should have known that there was a high probability that its conduct in transporting minor Plaintiff to ALA would cause physical injury, severe emotional distress, mental anguish, pain and suffering to minor C.F.

160.    Defendant USYTA negligently, carelessly, and recklessly breached its duty to act and use reasonable care to ensure the safety and protect the health and welfare of minor C.F. in that USYTA knew or should have known that minor, C.F., would be subjected to child abuse, child neglect, mistreatment, and torture as described herein.

161.    Further, Defendant USYTA breached its duties by doing the following:

    a.   Negligently and carelessly failing to adopt and implement adequate policies and procedures to protect minor C.F. from the abuse described herein;

    b.   Failing to follow or institute basic policies concerning the safety and care of children it transported to facilities such as ALA;

    c.   Failing to take reasonable steps to prevent or prohibit child abuse, child neglect, mistreatment, or torture of children at ALA after knowing or having reason to know that such conduct was occurring at ALA;

    d.   Failing to adopt, implement, enforce, or follow reasonable and adequate policies and procedures for the protection and supervision of minor children it was entrusted to transport to ALA, including minor Plaintiff C.F.;

    e.   Permitting minor children, including minor Plaintiff C.F. to be physically and emotionally abused, neglected, and tortured at ALA;

    f.   Permitting unfit staff, employees, and agents of USYTA to exercise authority, care, supervision, guidance, and/or control over minor Plaintiff C.F. at a time when said

staff, employees, and agents subjected minor Plaintiff C.F. to physical and emotional abuse, neglected, and torture;

g.  Permitting unfit staff, employees, and agents of USYTA to engage in illegal conduct within the course and scope of their employment and/or agency with USYTA while minor Plaintiff C.F. was in the care and custody of USYTA;

h.  Failing to properly and adequately supervise and discipline USYTA staff, employees, and/or agents to prevent the physical and emotional abuse, neglect, and torture that minor Plaintiff C.F. experienced;

i.  Failing to inform parents, guardians, or authorities of child abuse incidents at ALA;

j.  Failing to report known and/or suspected acts of child abuse and neglect to the Jamaican government, the State of Florida, and/or other governmental bodies, regulatory authorities, and human services authorities;

k.  Lying and deceiving authorities and regulatory agencies regarding the care and safety of the children at ALA;

l.  Obstructing investigations by authorities and regulatory agencies regarding the care and safety of the children at ALA;

m.  Failing to ensure that directors, teachers, leaders, mentors, staff, employees and other individuals having access to children at ALA were not subjecting the children USYTA was entrusted to safely transport to abuse and neglect;

n.  Failing to hire and/or supervise employees and others having access to minor children at USYTA, specifically, minor C.F., by virtue of their employment and/or affiliation with USYTA;

o.  Failing to conduct meaningful background checks and/or investigations when hiring its employees, agents and/or staff and, in fact, created a work force that government authorities would be unable to locate in the event of an investigation and which investigations had occurred and were recurring;

p.  Failing to properly supervise and discipline its staff, employees, and/or agents whose actions facilitated the abuse, neglect, and torture of minor Plaintiff C.F.;

q.  Misleading parents and guardians to believe that ALA was a safe place to send their children;

r.  Falsely promoting ALA to be an allegedly safe and danger-free place to send their children;

s.   Falsely marketing ALA to be an allegedly safe and danger-free place to send their children;

t.   Recruiting parents and guardians to send their children to ALA despite knowing about the abuse and neglect occurring at the facility;

u.   Facilitating the transportation of minor children to ALA, despite knowing about the abuse and neglect regularly occurring at the facility;

v.   Assisting in the transportation of minor children to ALA despite knowing about the abuse and neglect regularly occurring at the facility;

w.   Associating itself with ALA in a business venture that it knew was engaging in the trafficking of minor children, who were then subject to abuse, neglect, torture, and forced labor;

x.   Benefitting from a business venture with ALA that it knew was engaging in the trafficking of minor children, who were then subject to abuse, neglect, torture, and forced labor;

y.   Failing to provide education services to children, including minor Plaintiff C.F.;

z.   Failing to abide by the terms of its accreditation provided to ALA;

aa.   Negligently managing and operating its youth transportation business; and

bb.   All other acts of negligence not currently known to Plaintiffs.

162.   As a direct and proximate result of the negligence of Defendant USYTA, C.F., a minor suffered severe bodily harm and emotional distress.

163.   As a direct and proximate result of the negligence of Defendant USYTA, minor, C.F., was seriously and severely injured in and about the head, neck, back, body and limbs and was thereby rendered sick, sore, lame, paralyzed, and otherwise disabled or, in the alternative, the injuries aforesaid thereby caused or contributed to cause an aggravation of a previous existing defect or infirmity; and as a direct result thereof, minor, C.F., has in the past suffered and will in the future suffer pain and suffering, pain and anguish of body and mind, and loss of capacity for

the enjoyment of life, all of which conditions are permanent or continuing in nature, and all of which has occurred in the past and will occur in the future.

164.    As a further direct and proximate result of the negligence of Defendant USYTA, minor, C.F., has in the past undergone and will in the future undergo medical care and treatment and has in the past incurred and will in the future incur medical bills and expenses attendant to the injuries, as aforesaid.

165.    As a direct and proximate result of the negligence of Defendant USYTA, Plaintiff Tarah Fleischman has had to incur medical expenses for the care of her son, C.F. These expenses occurred in the past and are expected to occur in the future.

166.    As a further direct and proximate result of the negligence of Defendant USYTA, minor, C.F., has in the past sustained and will in the future sustain loss of earnings and earning capacity.

**WHEREFORE**, Plaintiff, Tarah Fleischman, as Parent and Guardian to C.F., a minor, demands judgment against Defendant United Secure Youth Transport Agency, LLC, in a sum in excess of Seventy-Five Thousand ($75,000.00) Dollars, and in excess of the prevailing arbitration limits, in compensatory damages and punitive damages, exclusive of pre-judgment interest, post-judgment interests and costs.

### COUNT IV
### NEGLIGENCE
### *Plaintiffs v. Debbie Celani*

167.    Defendant Debbie Celani owed a duty to exercise reasonable care to ensure the safety and protect the health and welfare of minor Plaintiff C.F. when in their care, custody, control, and guardianship and when communicating to Plaintiff Tarah Fleischman about same and to not subject minor Plaintiff C.F. to physical and emotional abuse, neglect, and torture.

168.     At all times material, Celani owed a duty to act *in loco parentis* for the minor children, including Plaintiff C.F., in its care, custody, control, and guardianship.

169.     In agreeing and/or contracting with Plaintiff Tarah Fleischman to place minor Plaintiff C.F. at a boarding school and, specifically, at ALA, Defendant Celani undertook a duty to not expose C.F. to foreseeable harm by her actions.

170.     Celani knew or should have known that there was a high probability that her conduct in recommending, vouching for, warranting, and representing to Plaintiffs that ALA was a safe, secure, educational and therapeutic environment for minor Plaintiff C.F. would ultimately cause physical injury, severe emotional distress, mental anguish, pain and suffering to minor C.F.

171.     Celani negligently, carelessly, and recklessly breached their duty to act and use reasonable care to ensure the safety and protect the health and welfare of minor C.F. in that Celani knew or should have known that minor, C.F., would be subjected to child abuse, child neglect, mistreatment, and torture as described herein.

172.     Further, Celani breached their duties by doing the following:

a.   Negligently and carelessly failing to adopt and implement adequate policies and procedures to protect minor C.F. from the abuse described herein;

b.   Failing to follow or institute basic policies concerning the safety and care of children it recommended be placed in facilities such as ALA;

c.   Failing to take reasonable steps to prevent or prohibit child abuse, child neglect, mistreatment, or torture of children at ALA after knowing or having reason to know that such conduct was occurring at ALA;

d.   Failing to adopt, implement, enforce, or follow reasonable and adequate policies and procedures for the protection and supervision of minor children it was entrusted to help place at facilities such as ALA, including minor Plaintiff C.F.;

e.   Permitting minor children, including minor Plaintiff C.F. to be physically and emotionally abused, neglected, and tortured at ALA;

f.  Permitting unfit staff, employees, and agents to exercise authority, care, supervision, guidance, and/or control over minor Plaintiff C.F. at a time when said staff, employees, and agents subjected minor Plaintiff C.F. to physical and emotional abuse, neglected, and torture;

g.  Failing to inform parents, guardians, or authorities of child abuse incidents at ALA;

h.  Failing to report known and/or suspected acts of child abuse and neglect to the Jamaican government, the State of Florida, and/or other governmental bodies, regulatory authorities, and human services authorities;

i.  Lying and deceiving authorities and regulatory agencies regarding the care and safety of the children at ALA;

j.  Obstructing investigations by authorities and regulatory agencies regarding the care and safety of the children at ALA;

k.  Failing to ensure that directors, teachers, leaders, mentors, staff, employees and other individuals having access to children at ALA were not subjecting the children Celani was entrusted to safely place at facilities such as ALA;

l.  Failing to conduct meaningful background checks and/or investigations of ALA employees, agents and/or staff prior to recommending ALA to Plaintiffs;

m.  Misleading parents and guardians to believe that ALA was a safe place to send their children;

n.  Falsely promoting ALA to be an allegedly safe and danger-free place to send their children;

o.  Falsely marketing ALA to be an allegedly safe and danger-free place to send their children;

p.  Recruiting parents and guardians to send their children to ALA despite knowing about the abuse and neglect occurring at the facility;

q.  Facilitating the transportation of minor children to ALA, despite knowing about the abuse and neglect regularly occurring at the facility;

r.  Assisting in the transportation of minor children to ALA despite knowing about the abuse and neglect regularly occurring at the facility;

s.  Associating themselves with ALA in a business venture that they knew was engaging in the trafficking of minor children, who were then subject to abuse, neglect, torture, and forced labor;

41

    t.   Benefitting from a business venture with ALA that they knew was  engaging in the trafficking of minor children, who were then subject to abuse, neglect, torture, and forced labor;

    u.   Failing to provide education services to children, including minor Plaintiff C.F.;

    v.   Negligently managing and operating her youth placement consultation business; and

    w.   All other acts of negligence not currently known to Plaintiffs.

173.    As a direct and proximate result of the negligence of Celani, C.F., a minor suffered severe bodily harm and emotional distress.

174.    As a direct and proximate result of the negligence of Celani, minor Plaintiff C.F., was seriously and severely injured in and about the head, neck, back, body and limbs and was thereby rendered sick, sore, lame, paralyzed, and otherwise disabled or, in the alternative, the injuries aforesaid thereby caused or contributed to cause an aggravation of a previous existing defect or infirmity; and as a direct result thereof, minor, C.F., has in the past suffered and will in the future suffer pain and suffering, pain and anguish of body and mind, and loss of capacity for the enjoyment of life, all of which conditions are permanent or continuing in nature, and all of which has occurred in the past and will occur in the future.

175.    As a further direct and proximate result of the negligence of Celani, minor Plaintiff C.F., has in the past undergone and will in the future undergo medical care and treatment and has in the past incurred and will in the future incur medical bills and expenses attendant to the injuries, as aforesaid.

176.    As a direct and proximate result of the negligence of Celani, Plaintiff Tarah Fleischman has had to incur medical expenses for the care of her son, C.F. These expenses occurred in the past and are expected to occur in the future.

177.     As a further direct and proximate result of the negligence of Celani, minor Plaintiff C.F., has in the past sustained and will in the future sustain loss of earnings and earning capacity.

**WHEREFORE**, Plaintiff, Tarah Fleischman, as Parent and Guardian to C.F., a minor, demands judgment against Debbie Celani in a sum in excess of Seventy-Five Thousand ($75,000.00) Dollars, and in excess of the prevailing arbitration limits, in compensatory damages and punitive damages, exclusive of pre-judgment interest, post-judgment interests and costs.

### COUNT V
### VICARIOUS LIABILITY
### *Plaintiffs v. Defendant ALA*

178.     At all times material, Defendants Randall Cook, Lisa Cook, and the staff of ALA were agents, apparent agents, employees and/or independent contractors of Defendant ALA.

179.     At all times material, Defendants Randall Cook, Lisa Cook, and ALA , were acting in the course and scope of her employment with Defendant ALA.

180.     At all times material, Defendant, ALA controlled the actions of Defendants Randall Cook, Lisa Cook, and the ALA staff and/or the actions of Randall Cook, Lisa Cook and the ALA staff were subject to the control of Defendant ALA.

181.     Defendants Randall Cook and Lisa Cook engaged in negligent, harmful, offensive, and unlawful conduct which included misleading and misrepresenting material facts to Plaintiff Tarah Fleischman regarding the safety, security, and ability of ALA to care for minor Plaintiff C.F. Randall Cook and Lisa Cook made such misrepresentations to Plaintiff Tarah Fleischman while knowing or having reason to know of their falsity and the fact that Plaintiff Tarah Fleischman would be induced to act and rely upon said misrepresentations. Said conduct was undertaken while Randall Cook and Lisa Cook were employees and/or agents of Defendant ALA, while in the course and scope of employment with Defendant, and/or was ratified by Defendant.

182.    The ALA staff who neglected, threatened, trafficked, and physically, emotionally, and psychologically abused minor Plaintiff C.F. did so within the course and scope of their employment with ALA and did so in an open and obvious manner, in full view of Defendant Randall Cook, for many years. Their acts of abuse and neglect were therefore condoned, accepted, authorized, and ratified by the Atlantis Defendants.

183.    Prior to or during the alleged above, Defendant ALA knew, had reason to know, or was otherwise on notice of the unlawful conduct of Randall Cook, Lisa Cook, and the ALA staff. Defendant ALA failed to take reasonable steps and failed to implement reasonable safeguards to avoid harmful and unlawful conduct in the future by its employees, including, but not limited to, preventing or avoiding placement of Randall Cook, Lisa Cook, or ALA staff in functions or environments in which contact with vulnerable children was an inherent part of those functions or environments. Furthermore, at no time during the periods of time alleged did Defendant ALA have in place a system or procedure to supervise and/or monitor employees, volunteers, representatives or agents to ensure they did not mislead, defraud, or unlawfully induce parents into sending their children to a facility, ALA, that was engaging in the abuse, neglect, torture, malnourishment, and trafficking of children.

184.    Defendant ALA's knowing acquiescence and silence with respect to the known, or reasonably knowable, activities of Randall Cook and Lisa Cook constituted a course of conduct through which acts of child abuse, neglect, torture, malnourishment, and human trafficking were condoned, approved, and effectively authorized.

185.    Through its failure to timely reprimand and sanction the acts referenced herein, and for all of the other reasons set forth in this Complaint including, without limitation, its failure to take the steps necessary to prevent the occurrence of such reprehensible acts, Defendant ALA

ratified said actions and, accordingly, is vicariously liable for the negligence, actions, and inactions of Randall Cook, Lisa Cook, and the ALA staff.

186.    As a direct and proximate result of the negligence and psychological trauma caused by Defendant ALA, by and through Defendants Randall Cook, Lisa Cook, and ALA staff, minor Plaintiff C.F., suffered severe bodily harm and emotional distress.

187.    As a direct and proximate result of the negligence of Defendant ALA, by and through its employees and agents, minor Plaintiff C.F., was seriously and severely injured in and about the head, neck, back, body and limbs and was thereby rendered sick, sore, lame, paralyzed, and otherwise disabled or, in the alternative, the injuries aforesaid thereby caused or contributed to cause an aggravation of a previous existing defect or infirmity; and as a direct result thereof, minor Plaintiff C.F., has in the past suffered and will in the future suffer pain and suffering, pain and anguish of body and mind, and loss of capacity for the enjoyment of life, all of which conditions are permanent or continuing in nature, and all of which has occurred in the past and will occur in the future.

188.    As a further direct and proximate result of the negligence of Defendant ALA, by and through its employees and agents, minor Plaintiff C.F., has in the past undergone and will in the future undergo medical care and treatment and has in the past incurred and will in the future incur medical bills and expenses attendant to the injuries, as aforesaid.

189.    As a direct and proximate result of the negligence of Defendant ALA by and through its employees and agents, Plaintiff Tarah Fleischman has had to incur medical expenses for the care of her son, C.F. These expenses occurred in the past and are expected to occur in the future.

190.    As a further direct and proximate result of the negligence of Defendant ALA, by

and through its employees and agents, minor Plaintiff C.F., has in the past sustained and will in the future sustain loss of earnings and earning capacity.

**WHEREFORE**, Plaintiff, Tarah Fleischman, as Parent and Guardian to C.F., a minor, demands judgment against Defendant ALA, in a sum in excess of Seventy-Five Thousand ($75,000.00) Dollars, and in excess of the prevailing arbitration limits, in compensatory damages and punitive damages, exclusive of pre-judgment interest, post-judgment interests and costs.

## COUNT VI
## VICARIOUS LIABILITY
### *Plaintiffs v. Defendant USYTA*

191.    At all times material, Defendant USYTA retained agents, apparent agents, employees and/or independent contractors who provided transportation services to minors, including C.F.

192.    At all times material, these agents, apparent agents, employees and/or independent contractors were acting in the course and scope of her employment with Defendant USYTA.

193.    At all times material, Defendant, USYTA controlled the actions of their agents, apparent agents, employees and/or independent contractors and/or their agents, apparent agents, employees and/or independent contractors actions were subject to the control of Defendant USYTA.

194.    Their agents, apparent agents, employees and/or independent contractors engaged in negligent, harmful, offensive, and unlawful conduct which included misleading and misrepresenting material facts to Plaintiff Tarah Fleischman regarding the safety, security, and ability of USYTA to care for minor Plaintiff C.F. Their agents, apparent agents, employees and/or independent contractors made such misrepresentations to Plaintiff Tarah Fleischman while knowing or having reason to know of their falsity and the fact that Plaintiff Tarah Fleischman

would be induced to act and rely upon said misrepresentations. Said conduct was undertaken while said agents, apparent agents, employees and/or independent contractors were  in the course and scope of employment with Defendant, and/or was ratified by Defendant.

195.    Prior to or during the alleged above, Defendant USYTA knew, had reason to know, or was otherwise on notice of the unlawful conduct of said agents, apparent agents, employees and/or independent contractors. Defendant USYTA failed to take reasonable steps and failed to implement reasonable safeguards to avoid harmful and unlawful conduct in the future by said agents, apparent agents, employees and/or independent contractors, including, but not limited to, preventing or avoiding placement of said agents, apparent agents, employees and/or independent contractors in functions or environments in which contact with vulnerable children was an inherent part of those functions or environments. Furthermore, at no time during the periods of time alleged did Defendant USYTA have in place a system or procedure to supervise and/or monitor employees, volunteers, representatives or agents to ensure they did not mislead, defraud, or unlawfully induce parents into sending their children to a facility, USYTA, that was engaging in the abuse, neglect, torture, malnourishment, and trafficking of children.

196.    Defendant USYTA's knowing acquiescence and silence with respect to the known, or reasonably knowable, activities of said agents, apparent agents, employees and/or independent contractors constituted a course of conduct through which acts of child abuse, neglect, torture, malnourishment, and human trafficking were condoned, approved, and effectively authorized.

197.    Through its failure to timely reprimand and sanction the acts referenced herein, and for all of the other reasons set forth in this Complaint including, without limitation, its failure to take the steps necessary to prevent the occurrence of such reprehensible acts, Defendant USYTA ratified said actions and, accordingly, is vicariously liable for the negligence, actions, and inactions

of their agents, apparent agents, employees and/or independent contractors

198.    As a direct and proximate result of the negligence and psychological trauma caused by Defendant USYTA, by and through their agents, apparent agents, employees and/or independent contractors, minor Plaintiff C.F., suffered severe bodily harm and emotional distress.

199.    As a direct and proximate result of the negligence of Defendant USYTA, by and through their agents, apparent agents, employees and/or independent contractors, minor Plaintiff C.F., was seriously and severely injured in and about the head, neck, back, body and limbs and was thereby rendered sick, sore, lame, paralyzed, and otherwise disabled or, in the alternative, the injuries aforesaid thereby caused or contributed to cause an aggravation of a previous existing defect or infirmity; and as a direct result thereof, minor Plaintiff C.F., has in the past suffered and will in the future suffer pain and suffering, pain and anguish of body and mind, and loss of capacity for the enjoyment of life, all of which conditions are permanent or continuing in nature, and all of which has occurred in the past and will occur in the future.

200.    As a further direct and proximate result of the negligence of Defendant USYTA, by and through their agents, apparent agents, employees and/or independent contractors, minor Plaintiff C.F., has in the past undergone and will in the future undergo medical care and treatment and has in the past incurred and will in the future incur medical bills and expenses attendant to the injuries, as aforesaid.

201.    As a direct and proximate result of the negligence of Defendant USYTA by and through their agents, apparent agents, employees and/or independent contractors, Plaintiff Tarah Fleischman has had to incur medical expenses for the care of her son, C.F. These expenses occurred in the past and are expected to occur in the future.

202.    As a further direct and proximate result of the negligence of Defendant USYTA,

by and through their agents, apparent agents, employees and/or independent contractors, minor

Plaintiff C.F., has in the past sustained and will in the future sustain loss of earnings and earning

capacity.

**WHEREFORE**, Plaintiff, Tarah Fleischman, as Parent and Guardian to C.F., a minor,

demands judgment against Defendant USYTA, in a sum in excess of Seventy-Five Thousand

($75,000.00) Dollars, and in excess of the prevailing arbitration limits, in compensatory damages

and punitive damages, exclusive of pre-judgment interest, post-judgment interests and costs.

<div align="center">

**COUNT VII**
**CIVIL CONSPIRACY**
***Plaintiff v. All Defendants***

</div>

203.    At all times material herein, Defendants Atlantis Leadership Academy, Randall

Cook, Lisa Cook, Forest Trail Academy, United Secure Youth Transport Agency, Debbie Celani,

and other entities and individuals formed an association to carry out a single business enterprise,

for profit, to combine their property, money, efforts, skill, employees, resources, and

knowledge. Defendants are vicariously liable for the negligent and tortious acts of each other and

their co-conspirators.

204.    Defendants and their co-conspirators engaged in a civil conspiracy to protect: their

common financial interests; their wrongful activities while promoting, advertising, marketing,

transporting, managing, controlling, profiting from and/or operating a youth boarding school

requiring licensure from state agencies; their financial interest in tuition, gifts, donations, grants,

loans and other forms of monetary or financial benefit; and other benefits to themselves, including

gaining access to children for abuse purposes.

205.    Defendants and their co-conspirators conspired with one another from

approximately 2015  through at least February 2024, when ALA was closed after an investigation

by the Jamaican government, to: conceal child abuse, neglect, mistreatment, and torture of children; act in concert with one another to promote and market to members of the general public, and educational and child welfare regulatory authorities, the success of ALA's methods for the purpose of enhancing enrollment and revenue.

206.    Defendants and their co-conspirators engaged in a civil conspiracy to conceal their wrongful conduct, including child abuse, child mistreatment, child neglect, human trafficking, forced child labor, and failed to report said conduct to the appropriate authorities.

207.    Defendants' and co-conspirators' conspiracy of concealment and concert of action together was designed to promote, advertise, market, operate, run, control, and/or manage a youth boarding school. Defendants and their co-conspirators knew child abuse, neglect, and mistreatment were continuing from approximately 2015 through at least February 2024, at which time ALA was closed by Jamaican authorities.

208.    This conspiracy was for the purpose of benefitting Defendants financially and protecting them from investigations of their wrongdoing.

209.    Defendants and their co-conspirators are liable for the acts of each other, irrespective of whether each committed the torts alleged herein.

Defendant Forest Trail knew or had reason to know of the unlawful acts of the Atlantis Defendants and the harm occurring to children, including minor Plaintiff C.F., at ALA. Forest Trail's administration, ownership, and/or management, personally knew Randall Cook and arranged to provide nominal educational services so that ALA could hold itself out as a school. Forest Trail would then look the other way when virtually none of the children it was contracted to provide educational services to, including minor Plaintiff C.F., were actually completing assignments, attending class, or engaging Forest Trail to obtain an education. Randall Cook and Lisa Cook, on

behalf of ALA, paid Forest Trail to conceal the truth about ALA and how children, including minor Plaintiff C.F., were being abused, exploited, trafficked, and used to turn a financial profit.

210.    In furtherance of said conspiracy and agreement, Defendant Forest Trail engaged in fraudulent representations, omissions and/or concealment of facts, acts of cover-up and statements as follows:

   a.  Specifically, Defendant Forest Trail's accreditation of ALA effectively recommended, endorsed, marketed, advertised, and promoted ALA to vulnerable parents and guardians who were misled by Defendant Forest Trail's representations that ALA—through Forest Trail—would be providing educational services to children they entrusted to ALA.

   b.  Defendant Forest Trail partnered with ALA and co-signed, supported, and re-enforced the legitimacy ALA attempted to cultivate via the Defendants' conspiratory relationship and business enterprise to induce parents into sending their children to ALA.

   c.  Defendant Forest Trail spoke directly to parents of ALA students who were attending ALA and falsely reported that their child's education was being facilitated and completed despite their records indicating otherwise.

   d.  Defendant Forest Trail was purely motivated in this regard for the purposes of protecting their own interests and benefitting financially from its association with the other Defendants and its co-conspirators, at the expense of innocent children, including minor Plaintiff C.F.

211.    In furtherance of said conspiracy and agreement, Defendant ALA engaged in fraudulent representations, omissions and/or concealment of facts, acts of cover-up and statements as follows:

    a.   Specifically, Defendant ALA, acted in concert with the other named Defendants to take custody, care, and control over children enrolled at its facility and then facilitated the abuse, neglect, torture, malnourishment, and forced labor of those children, including minor Plaintiff C.F.

    b.   Specifically, Defendant ALA partnered with Celani and USYTA to recruit and transport minor children to ALA under the guise that ALA provided accredited educational services and that they would protect the children and keep them safe.

    c.   Defendant ALA acted by and through its employees, servants, and agents, in the operation of its facility, and the hiring, admitting, assigning, retaining, and supervising of staff members therein who engaged in child abuse, neglect, torture, malnourishment, and forced labor.

    d.   Accordingly, Defendant ALA, by and through its employees and agents, carried out systemic acts of child abuse, neglect, torture, malnourishment, and forced labor in order to obtain financial gain for itself and its co-conspirators.

    e.   Defendant ALA was purely motivated in this regard for the purposes of protecting their own interests and benefitting financially from its association with the other Defendants and its co-conspirators, at the expense of innocent children, including minor Plaintiff C.F.

212.    In furtherance of said conspiracy and agreement, Defendant Randall Cook engaged in fraudulent representations, omissions and/or concealment of facts, acts of cover-up and statements as follows:

a.  Specifically, Randall Cook as the co-owner and co-operator of ALA had intimate knowledge of the operations of ALA and the abuse, neglect, torture, forced labor, and malnourishment of children occurring there and, despite this knowledge, represented to parents that ALA was providing a safe, secure, educational, and therapeutic environment for children, including minor Plaintiff C.F.

b.  Defendant Randall Cook was and remains the face of ALA and appeared in marketing materials for ALA and personally contacted parents to assure them that their children would be safe and secure while enrolled at ALA.

c.  Defendant Randall Cook, at all times relevant, was physically present in Jamaica and made regular visits to the ALA campus where he observed the unsafe conditions to which children, including minor Plaintiff C.F. were subject.

d.  Defendant Randall Cook, the course and scope of his role as co-owner and co-operator of ALA, was directly responsible for the hiring, training, supervision, and retention of ALA staff.

e.  Defendant Randall Cook hired and retained unqualified and untrained staff who abused, neglected, and tortured children, including minor Plaintiff C.F., and who were able to accomplish such actions under Randall Cook's supervision.

f.  Defendant Randall Cook was purely motivated in this regard for the purposes of protecting his own interests and benefitting financially from its association with

the other Defendants and his co-conspirators, at the expense of innocent children, including minor Plaintiff C.F.

213.    In furtherance of said conspiracy and agreement, Defendant Lisa Cook engaged in fraudulent representations, omissions and/or concealment of facts, acts of cover-up and statements as follow:

a.   Specifically, Lisa Cook as the co-owner and co-operator of ALA had intimate knowledge of the operations of ALA and the abuse, neglect, torture, forced labor, and malnourishment of children occurring there and, despite this knowledge, represented to parents that ALA was providing a safe, secure, educational, and therapeutic environment for children, including minor Plaintiff C.F.

b.   Defendant Lisa Cook also managed the finances of ALA, securing payments from parents who enrolled their children at ALA, financing ALA's partnership with Defendant Forest Trail, and overseeing financial kickbacks and benefits given to Defendant USYTA and Celani for providing ALA with vulnerable children who were then exploited for profit.

c.   Defendant Lisa Cook was purely motivated in this regard for the purposes of protecting their own interests and benefitting financially from its association with the other Defendants and her co-conspirators, at the expense of innocent children, including minor Plaintiff C.F.

214.    Defendant USYTA knew or had reason to know of the unlawful acts of the Atlantis Defendants and the harm occurring to children, including minor Plaintiff C.F., at ALA. USYTA, through its employees, agents, and contracted transporters, met with Randall Cook in Jamaica and visited the premises of ALA on dozens of occasions. USYTA, through its employees, agents,

and/or contracted transporters, therefore observed the inhumane conditions in which the children enrolled at ALA lived, witnessed children at ALA be abused and neglected, and knew or should have known that the children were forced to engage in manual labor by ALA and its staff. Randall Cook and Lisa Cook, on behalf of ALA, paid USYTA kickbacks to conceal the truth about ALA and how children, including minor Plaintiff C.F., were being abused, exploited, trafficked, and used to turn a financial profit.

215.    In furtherance of said conspiracy and agreement, Defendant USYTA engaged in fraudulent representations, omissions and/or concealment of facts, acts of cover-up and statements as follows:

    a.    Specifically, Defendant USYTA, through its agents and employees, represented to Plaintiff Tarah Fleischman that ALA was a safe, secure, educational, therapeutic environment that would meet all of minor Plaintiff C.F.'s needs.

    b.    Defendant USYTA warranted to Plaintiff Tarah Fleischman that minor C.F. would not be harmed while at ALA and further represented that it was not only familiar with ALA but that USYTA helped to transport other children to ALA in the past.

    c.    USYTA then arranged for and carried out the transportation of minor Plaintiff C.F. from the United States to the country of Jamaica for the purpose of enrolling him at ALA. USYTA did this knowing that its actions were subjecting minor Plaintiff C.F. to a substantial risk of foreseeable harm—in fact, USYTA committed these tortious acts knowing that C.F. coming to harm at ALA was all but certain.

    d.    Defendant USYTA was purely motivated in this regard for the purposes of protecting their own interests and benefitting financially from its association

with the other Defendants and its co-conspirators, at the expense of innocent

children, including minor Plaintiff C.F.

216.    Defendant Celani knew or had reason to know of the unlawful acts of the Atlantis

Defendants and the harm occurring to children, including minor Plaintiff C.F., at ALA. Celani,

represented to Plaintiffs that she personally knew Randall Cook and had visited and vetted ALA

as a placement option for minor C.F. Randall Cook and Lisa Cook, on behalf of ALA, paid Celani

kickbacks to conceal the truth about ALA and how children, including minor Plaintiff C.F., were

being abused, exploited, trafficked, and used to turn a financial profit.

217.    In furtherance of said conspiracy and agreement, Defendant Debbie Celani engaged

in fraudulent representations, omissions and/or concealment of facts, acts of cover-up and

statements as follows:

 a. Specifically, Debbie Celani represented to Plaintiff Tarah Fleischman that ALA

  was a safe, secure, educational, therapeutic environment that would meet all of

  minor Plaintiff C.F.'s needs. Celani warranted to Plaintiff Tarah Fleischman that

  minor C.F. would not be harmed while at ALA and further represented that she

  was not only familiar with ALA but had helped to place other children at ALA

  in the past, having personally vetted it. Celani did this knowing that her actions

  were subjecting minor Plaintiff C.F. to a substantial risk of foreseeable harm—

  in fact, Celani committed these tortious acts knowing that C.F. coming to harm

  at ALA was all but certain.

 b. Furthermore, Debbie Celani put Plaintiff Tarah Fleischman into communication

  with the Atlantis Defendants, who also represented that ALA was a safe, secure,

educational, therapeutic environment that would meet all of minor Plaintiff C.F.'s needs.

    c.   Defendant Celani was purely motivated in this regard for the purposes of protecting her own interests and benefitting financially from her association with the other Defendants and her co-conspirators, at the expense of innocent children, including minor Plaintiff C.F.

218.    All of the actions of Defendants set forth in the preceding paragraphs were in violation of the rights of minor Plaintiff C.F. and were committed in furtherance of the aforementioned conspiracies and agreements. Moreover, each of the aforementioned individuals lent aid and encouragement, and knowingly financed, ratified and/or adopted the acts of the other. As a proximate result of the wrongful acts herein alleged, Plaintiff has suffered significant damage as outlined above.

219.    These acts constituted malicious conduct which was carried on by the Defendants with willful and conscious disregard for Plaintiff's rights with the intention of willfully concealing incidents of child abuse and neglect, and was despicable conduct by any measure that subjected minor Plaintiff C.F. to cruel and unjust hardship, so as to justify an award of exemplary and punitive damages. Accordingly, punitive damages should be awarded against Defendants to punish them and deter other such persons from committing such wrongful and malicious acts in the future.

220.    As a direct and proximate result of this conspiracy, minor Plaintiff C.F. suffered severe bodily harm and emotional distress.

221.    As a direct and proximate result of this conspiracy, minor Plaintiff C.F., was seriously and severely injured in and about the head, neck, back, body and limbs and was thereby rendered sick, sore, lame, paralyzed, and otherwise disabled or, in the alternative, the injuries

aforesaid thereby caused or contributed to cause an aggravation of a previous existing defect or infirmity; and as a direct result thereof, minor Plaintiff C.F., has in the past suffered and will in the future suffer pain and suffering, pain and anguish of body and mind, and loss of capacity for the enjoyment of life, all of which conditions are permanent or continuing in nature, and all of which has occurred in the past and will occur in the future.

222.    As a further direct and proximate result of this conspiracy, minor Plaintiff C.F., has in the past undergone and will in the future undergo medical care and treatment and has in the past incurred and will in the future incur medical bills and expenses attendant to the injuries, as aforesaid.

223.    As a direct and proximate result of this conspiracy, Plaintiff Tarah Fleischman has had to incur medical expenses for the care of her son, C.F. These expenses occurred in the past and are expected to occur in the future.

224.    As a further direct and proximate result of this conspiracy, minor, C.F., has in the past sustained and will in the future sustain loss of earnings and earning capacity.

**WHEREFORE**, Plaintiff, Tarah Fleischman, as Parent and Guardian to C.F., a minor, demands judgment against Defendants Forest Trail Academy, LLC, Atlantis Leadership Academy, LLC, Randall Cook, Lisa Cook, United Secure Youth Transport Agency, LLC, and Debbie Celani, in a sum in excess of Seventy-Five Thousand ($75,000.00) Dollars, and in excess of the prevailing arbitration limits, in compensatory damages and punitive damages, exclusive of pre-judgment interest, post-judgment interests and costs.

## COUNT VIII
### FRAUDULENT CONCEALMENT

*Plaintiffs v. All Defendants*[17]

225.    Being at an exact time unknown to Plaintiff, and continuing even today, Defendants Forest Trail Academy, LLC,, Atlantis Leadership Academy, LLC, Randall Cook, Lisa Cook, USYTA, and Debbie Celani ("Defendants") have carried out, and continue to carry out, a campaign designed to deceive the public, Plaintiff Tarah Fleischman, and other parents and legal guardians as to the alleged safety and security of ALA.

226.    Defendants have carried out this scheme by concealing their knowledge concerning the following:

    a.   The failure to provide a safety and danger-free environment to the children residing at ALA;

    b.   The child abuse and child neglect occurring at ALA;

    c.   The inhumane treatment of children occurring at ALA;

    d.   The torture used at ALA;

    e.   The educational neglect occurring at ALA;

    f.   The failure to follow the accreditation requirements;

    g.   The forced labor at ALA;

    h.   The lack of nutrition and deprivation of water and food at ALA;

    i.   The deprivation of basic human rights occurring at ALA;

    j.   The cruel and unusual punishment occurring at the ALA, including waterboarding, severe beatings, threats, and forced labor perpetrated upon children by ALA by staff members, employees, and even other children at ALA; and

    k.   Other information not yet discovered.

---

[17] Pursuant to the Court's Orders of March 24, 2025 (D.E. 67) and May 2, 2025 (D.E. 77), Plaintiffs are consolidating all fraud-based claims against Defendants into individual counts against all Defendants. Plaintiffs are doing this in an attempt to shorten the length of the Complaint and remove duplicative language in subsequent counts in an effort to streamline the Complaint and comply with the pleading standard in Fed. R. Civ. P. 8 requiring a "short, plain statement."

227.    Defendants have concealed vast amounts of information regarding the truth behind the activities at ALA for years.

228.    Defendant Forest Trail partnered with the Atlantis Defendants for almost a decade. Forest Trail was paid to continue to accredit ALA as an educational institution and market and promote ALA while ignoring the fact that none of the children at ALA were actually receiving an education. After the Jamaican Child Protective Services forcibly withdrew children, including C.F., from ALA, Forest Trail changed its website to remove any trace of their affiliation with ALA.

229.    The Atlantis Defendants, being the institution of ALA and its co-owners and co-operators Randall Cook and Lisa Cook, owned, operated, managed, and supervised the premises of ALA where the abuse, neglect, and forced labor of children was systematic, conspicuous, and fundamental to its business operations since its inception.

230.    Defendant USYTA partnered with the Atlantis Defendants for approximately a decade. USYTA visited the premises of ALA dozens of times over that time period and witnessed the inhumane conditions in which children were living and observed children be abused, neglected, and forced to perform manual labor.

231.    Defendant Celani partnered with the Atlantis Defendants from approximately 2019 to 2024 and over which time Celani helped place several children at ALA, including minor Plaintiff C.F.

232.    Defendant concealed, and to date still conceal, their actual knowledge concerning their own involvement in recruiting, promoting, marketing, advertising, running, transporting, supervising, and profiting off of ALA. This concealment concerned material information to Plaintiffs' decision to enroll minor C.F. at ALA.

233.    The success of the fraud and conspiracy involving ALA depended upon the concerted action of all Defendants, as the scheme required placement specialists, such as Debbie Celani, to recommend, market, advertise, promote, and mislead vulnerable parents and guardians to recruit children to attend the accredited facility.

234.    Defendant Forest Trail's accreditation of ALA effectively recommended, endorsed, marketed, advertised, and promoted ALA to vulnerable parents and guardians who were misled by Defendant Forest Trail's representations that ALA—through Forest Trail—would be providing educational services to children they entrusted to ALA.

235.    Moreover, ALA required the transportation services, such as Defendant USYTA, to assure parents and guardians that their children would be accounted for, cared for, and protected while they transported them to an allegedly safe institution.

236.    All Defendants worked together and received financial gain through compensation, bonuses, kickbacks, and/or benefits from recruiting children to attend ALA, transporting children from the United States to ALA, and purportedly providing online educational courses to children at ALA. The more children who were enrolled at ALA, the greater the profit for all Defendants.

237.    The success of the fraud and conspiracy of ALA depended upon the concerted action of all Defendants, for otherwise the revelation by one individual or entity of what it knew about regarding the child abuse, child neglect, malnourishment, and forced labor trafficking would have thwarted the conspiracy.

238.    The aforementioned material information and/or material knowledge was concealed and/or was suppressed by Defendants and was concealed and/or suppressed for the purpose of inducing Plaintiff to enroll her son at ALA.

239.    Plaintiff, Tarah Fleischman, and other parents and legal guardians were unaware of the danger, abuse, and neglect occurring at ALA and justifiably relied upon Defendants to protect their children and provide an allegedly therapeutic and educational boarding school.

240.    At all times material, Defendants had superior knowledge regarding the child abuse, child neglect, torture, malnourishment, and forced labor trafficking of children occurring at ALA

241.    As a direct and proximate result of the fraudulent concealment and/or suppression of material information, minor Plaintiff C.F. suffered severe bodily harm and emotional distress.

242.    As a direct and proximate result of the fraudulent concealment and/or suppression of material information by Defendants, minor Plaintiff C.F. was seriously and severely injured in and about the head, neck, back, body and limbs and was thereby rendered sick, sore, lame, paralyzed, and otherwise disabled or, in the alternative, the injuries aforesaid thereby caused or contributed to cause an aggravation of a previous existing defect or infirmity; and as a direct result thereof, minor Plaintiff C.F., has in the past suffered and will in the future suffer pain and suffering, pain and anguish of body and mind, and loss of capacity for the enjoyment of life, all of which conditions are permanent or continuing in nature, and all of which has occurred in the past and will occur in the future.

243.    As a further direct and proximate result of the fraudulent concealment and/or suppression of material information by Defendants, minor Plaintiff C.F., has in the past undergone and will in the future undergo medical care and treatment and has in the past incurred and will in the future incur medical bills and expenses attendant to the injuries, as aforesaid.

244.    As a direct and proximate result of the fraudulent concealment and/or suppression of material information by Defendants, Plaintiff Tarah Fleischman has had to incur medical

expenses for the care of her son, C.F. These expenses occurred in the past and are expected to occur in the future.

245.    As a further direct and proximate result of the fraudulent concealment and/or suppression of material information of Defendants, minor Plaintiff C.F., has in the past sustained and will in the future sustain loss of earnings and earning capacity.

**WHEREFORE**, Plaintiff, Tarah Fleischman, as Parent and Guardian to C.F., a minor, demands judgment against Defendants Forest Trail Academy, LLC, Atlantis Leadership Academy, LLC, Randall Cook, Lisa Cook, United Secure Youth Transport Agency, LLC, and Debbie Celani in a sum in excess of Seventy-Five Thousand ($75,000.00) Dollars, and in excess of the prevailing arbitration limits, in compensatory damages and punitive damages, exclusive of pre-judgment interest, post-judgment interests and costs.

<u>**COUNT IX**</u>
**CONSPIRACY TO COMMIT FRAUDULENT CONEALMENT**
***Plaintiffs v. All Defendants***[18]

246.    Defendants Forest Trail Academy, LLC, Atlantis Leadership Academy, LLC, Randall Cook, Lisa Cook, USYTA, and Debbie Celani ("Defendants") unlawfully agreed to conceal or omit, and did in fact council or omit, material information regarding the child abuse, child neglect, torture and malnourishment occurring at ALA and the public, including Plaintiff, Tarah Fleischman, relied on this information to the detriment of her minor child, C.F.

247.    Defendants agreed to execute their scheme by performing the above-mentioned unlawful acts and/or by doing lawful acts by unlawful means.

---

[18] Pursuant to the Court's Orders of March 24, 2025 (D.E. 67) and May 2, 2025 (D.E. 77), Plaintiffs are consolidating all fraud-based claims against Defendants into individual counts against all Defendants. Plaintiffs are doing this in an attempt to shorten the length of the Complaint and remove duplicative language in subsequent counts in an effort to streamline the Complaint and comply with the pleading standard in Fed. R. Civ. P. 8 requiring a "short, plain statement."

248.     The concealed and omitted information described above in Count VIII was material information regarding the safety and security of minor children, including C.F.

249.     Plaintiff, Tarah Fleischman, relied to her detriment upon the concealment and omission of such information. Plaintiff believed that she was sending her son to a boarding school that would: protect her son from dangerous conditions, including child abuse, child neglect, torture, and malnutrition; provide an education to her son through Defendant Forest Trail and not deprive him of an education; and feed her son and provide him with appropriate water and other required nutrition.

250.     Each of the Defendants' actions and omissions in engaging with Plaintiffs constitute a successful conspiracy to commit fraud.

251.     Defendants' conspiracy was a vehicle for imputing the tortious acts of one co-conspirator to another.

252.     Each act performed by each Defendant was done in pursuance of a conspiracy and is an act for which each is jointly and severally liable.

253.     Once the existence of a conspiracy was established, and a party's membership in the conspiracy was established, each Defendant became liable for the acts of all members of the conspiracy in furtherance of the conspiracy, regardless of the nature of their own actions.

254.     Each Defendant, individually, who knowingly joined this conspiracy, even at a later date, took the conspiracy as he/she/it found it and is liable for all acts previously or subsequently done in pursuance of this conspiracy.

255.     Each Defendant, as members of a civil conspiracy, is liable for all acts and/or omissions outlined in in Count VIII above of any co-conspirator done in pursuance of the conspiracy.

256.     As a direct and proximate result of the fraudulent concealment and/or suppression of material information caused by the Defendants, minor Plaintiff C.F. suffered severe bodily harm and emotional distress.

257.     As a direct and proximate result of the fraudulent concealment and/or suppression of material information of Defendants, minor Plaintiff C.F. was seriously and severely injured in and about the head, neck, back, body and limbs and was thereby rendered sick, sore, lame, paralyzed, and otherwise disabled or, in the alternative, the injuries aforesaid thereby caused or contributed to cause an aggravation of a previous existing defect or infirmity; and as a direct result thereof, minor, C.F., has in the past suffered and will in the future suffer pain and suffering, pain and anguish of body and mind, and loss of capacity for the enjoyment of life, all of which conditions are permanent or continuing in nature, and all of which has occurred in the past and will occur in the future.

258.     As a further direct and proximate result of the fraudulent concealment and/or suppression of material information of Defendants, minor Plaintiff C.F. has in the past undergone and will in the future undergo medical care and treatment and has in the past incurred and will in the future incur medical bills and expenses attendant to the injuries, as aforesaid.

259.     As a direct and proximate result of the fraudulent concealment and/or suppression of material information of Defendants, Plaintiff Tarah Fleischman, and her husband, have had to incur medical expenses for the care of her son, C.F. These expenses occurred in the past and are expected to occur in the future.

260.     As a further direct and proximate result of the fraudulent concealment and/or suppression of material information of Defendants, minor Plaintiff C.F. has in the past sustained and will in the future sustain loss of earnings and earning capacity.

**WHEREFORE**, Plaintiff, Tarah Fleischman, as Parent and Guardian to C.F., a minor, demands judgment against Defendants Forest Trail Academy, LLC, Atlantis Leadership Academy, LLC, Randall Cook, Lisa Cook, United Secure Youth Transport Agency, LLC, and Debbie Celani in a sum in excess of Seventy-Five Thousand ($75,000.00) Dollars, and in excess of the prevailing arbitration limits, in compensatory damages and punitive damages, exclusive of pre-judgment interest, post-judgment interests and costs.

<u>**COUNT X**</u>
**FRAUDULENT MISREPRESENTATION**
***Plaintiffs v. All Defendants***[19]

261.    Being at an exact time unknown to Plaintiff, and continuing even today, Defendants Forest Trail Academy, LLC, Atlantis Leadership Academy, LLC, Randall Cook, Lisa Cook, and Debbie Celani ("Defendants"), have carried out, and continue to carry out, a campaign designed to misrepresent to the public, Plaintiff Tarah Fleischman, and other parents and legal guardians as to the alleged safety and security of ALA.

262.    Defendant carried out this scheme by misrepresenting their knowledge concerning the following:

    a.    The failure to provide a safety and danger-free environment to the children residing at ALA;

    b.    The child abuse and child neglect occurring at ALA;

    c.    The inhumane treatment of children occurring at ALA;

    d.    The torture used at ALA;

    e.    The educational neglect occurring at ALA;

    f.    Their accreditation of ALA;

---

[19] Pursuant to the Court's Orders of March 24, 2025 (D.E. 67) and May 2, 2025 (D.E. 77), Plaintiffs are consolidating all fraud-based claims against Defendants into individual counts against all Defendants. Plaintiffs are doing this in an attempt to shorten the length of the Complaint and remove duplicative language in subsequent counts in an effort to streamline the Complaint and comply with the pleading standard in Fed. R. Civ. P. 8 requiring a "short, plain statement."

g.   The forced labor at ALA;

h.   The lack of nutrition and deprivation of water and food at ALA;

i.   The deprivation of basic human rights occurring at ALA;

j.   The cruel and unusual punishment occurring at ALA, including waterboarding and severe beatings, fights, and hitting occurring by staff members, employees, and residents; and

k.   Other information not yet discovered.

263.   Defendants misrepresented vast amounts of information regarding the truth behind the activities at ALA for years.

264.   Defendant Forest Trail partnered with the Atlantis Defendants for almost a decade. During this time, Forest Trail was paid to continue to accredit ALA as an educational institution and market and promote ALA while ignoring the fact that none of the children at ALA were actually receiving an education. After the Jamaican Child Protective Services forcibly withdrew children, including C.F., from ALA, Forest Trail changed its website to remove any trace of their affiliation with ALA.

265.   The Atlantis Defendants, being the institution of ALA and its co-owners and co-operators Randall Cook and Lisa Cook, owned, operated, managed, and supervised the premises of ALA where the abuse, neglect, and forced labor of children was systematic, conspicuous, and fundamental to its business operations since its inception.

266.   Defendant USYTA partnered with the Atlantis Defendants for approximately a decade. USYTA visited the premises of ALA dozens of times over that time period and witnessed the inhumane conditions in which children were living and observed children be abused, neglected, and forced to perform manual labor.

267.    Defendant Celani partnered with the Atlantis Defendants from approximately 2019 to 2024 and over which time Celani helped place several children at ALA, including minor Plaintiff C.F.

268.    Defendant concealed, and to date still conceal, their actual knowledge concerning their own involvement in recruiting, promoting, marketing, advertising, running, transporting, supervising, and profiting off of ALA. This concealment concerned material information to Plaintiffs' decision to enroll minor C.F. at ALA.

269.    Defendants misrepresented their actual knowledge concerning their own involvement in recruiting, promoting, marketing, advertising, running, transporting, supervising, and profiting off ALA.

270.    Defendants made material misrepresentations by telling the public, including Plaintiff, Tarah Fleischman, the following:

     a.  ALA was allegedly a safe place to send their children;

     b.  ALA will allegedly protect their children;

     c.  ALA will allegedly provide educational resources for their children;

     d.  ALA will not hurt your children;

     e.  ALA is educational institutions with suitable standards;[20]

     f.  USYTA and Celani have sent children to ALA before and it was a safe place to send their children;

     g.  Though accrediting ALA, partnering with ALA, and co-signing, supporting, and reinforcing the misrepresentations made by the Atlantis Defendants, including those on the ALA website, which include, but are not limited to the representations made in subsections "h" through "n" in the instant paragraph;

---

[20] *See* Forest Trail Academy Website, "History and Accreditations" (https://foresttrailacademy.com/about/school-profile/accreditationmemberships/) (last visited October 30, 2024), attached hereto as Exhibit "E"; Exhibit "B".

h.   ALA is "an affordable, structured Boarding Academy service young men who possess strong leadership skills, though they've taken some wrong turns in their lives";[21]

i.   Atlantis Leadership Academy has a "culture focused around a daily balanced atmosphere of Accountability, Personal Health, Hard Work, Service to Others, and above all, Leadership";[22]

j.   "For the young men [ALA] mentor[s], we believe Leadership is the all-encompassing component. We help a young man break down the various issues or challenges in their life and help them focus on one ingredient at a time."[23]

k.   That the children at ALA will "learn how to slow down their lives and truly listen. They learn the value of integrity, about forgiveness and compassion for others, patience and so on";[24]

l.   ALA "help[s] these young men restart their lives and in turn, reconnect and become whole and healthy with their families once again"'[25]

m.   "A Boarding Academy is not intended, nor should ever be viewed or used as a punishment. Quite simply, it's a bold opportunity for a fresh start. As with any of us, true change comes from the heart which is located on the inside, not the out. You cannot change from the outside in, only the inside out";[26]

n.   "Atlantis Leadership Academy stands ready to help your son reconnect with his true self. ALA will help him tap into his strength of leadership and self-worth, moving forward in life with a confidence based in strong values and new life skills that will see him prepared for a healthy, balanced, and successful future";[27] and

o.   Other misrepresentations not yet known.

271.   When Defendants made these misrepresentations, they knew or should have known these were false and misleading statements.

272.   When Defendants made these misrepresentations, they intended that the public, including Plaintiff, Tarah Fleischman, would both believe in and rely upon such statements and

---

[21] *See* Exhibit "A".
[22] *See* Exhibit "A".
[23] *See* Exhibit "A".
[24] *See* Exhibit "A".
[25] *See* Exhibit "A".
[26] *See* Exhibit "A".
[27] *See* Exhibit "A".

knew or should have known that these statements would permeate confidence and assurance that ALA was a safe place to send their children.

273.    At all times material, Defendants knew or should have known that ALA was not a safe place and that child abuse, child neglect, torture, malnourishment, and forced labor trafficking occurred, yet they publicly misrepresented the truth in order to acquire more children to attend the program and profit off those children and their parents.

274.    The success of the fraud and conspiracy of ALA depended upon the concerted action of all Defendants, as the scheme required placement specialists, such as Debbie Celani, to recommend, market, advertise, promote, and mislead vulnerable parents and guardians to recruit children to attend the facility.

275.    Defendant Forest Trail's accreditation of ALA effectively recommended, endorsed, marketed, advertised, and promoted ALA to vulnerable parents and guardians who were misled by Defendant Forest Trail's representations that ALA—through Forest Trail—would be providing educational services to children they entrusted to ALA.

276.    Moreover, ALA required the transportation services, such as Defendant USYTA, to assure parents and guardians that their children would be accounted for, cared for, and protected while they transported them to an allegedly safe institution.

277.    All Defendants worked together and received financial gain through compensation, bonuses, kickbacks, and/or benefits from recruiting children to attend ALA, transporting children from the United States to ALA, and purportedly providing online educational courses to children at ALA.

278.    The success of the fraud and misrepresentation of ALA depended upon the concerted action of all Defendants for otherwise the revelation by one individual or entity of what

it knew about regarding the child abuse, child neglect, malnourishment, and forced labor trafficking would have thwarted the conspiracy.

279.   The aforementioned information and/or knowledge was misrepresented and/or suppressed by Defendants and was misrepresented for the purpose of inducing Plaintiff to enroll her son at ALA.

280.   Plaintiff, Tarah Fleischman, and other parents and legal guardians were unaware of the danger occurring at ALA and justifiably relied upon Defendants' misrepresentations to protect their children and provide an allegedly therapeutic and educational boarding school.

281.   At all times material, Defendants had superior knowledge regarding the child abuse, child neglect, torture, malnourishment, and forced labor trafficking occurring at ALA.

282.   As a direct and proximate result of the Defendants' misrepresentations, minor Plaintiff C.F., suffered severe bodily harm and emotional distress.

283.   As a direct and proximate result of the Defendants' misrepresentations, minor Plaintiff C.F. was seriously and severely injured in and about the head, neck, back, body and limbs and was thereby rendered sick, sore, lame, paralyzed, and otherwise disabled or, in the alternative, the injuries aforesaid thereby caused or contributed to cause an aggravation of a previous existing defect or infirmity; and as a direct result thereof, minor Plaintiff C.F. has in the past suffered and will in the future suffer pain and suffering, pain and anguish of body and mind, and loss of capacity for the enjoyment of life, all of which conditions are permanent or continuing in nature, and all of which has occurred in the past and will occur in the future.

284.   As a further direct and proximate result of the Defendants' misrepresentations, minor Plaintiff C.F., has in the past undergone and will in the future undergo medical care and

treatment and has in the past incurred and will in the future incur medical bills and expenses attendant to the injuries, as aforesaid.

285.    As a direct and proximate result of the Defendants' misrepresentations, Plaintiff Tarah Fleischman and her husband have had to incur medical expenses for the care of her son, C.F. These expenses occurred in the past and are expected to occur in the future.

286.    As a further direct and proximate result of the Defendants' misrepresentations, minor Plaintiff C.F., has in the past sustained and will in the future sustain loss of earnings and earning capacity.

**WHEREFORE**, Plaintiff, Tarah Fleischman, as Parent and Guardian to C.F., a minor, demands judgment against Defendants Forest Trail Academy, LLC, Atlantis Leadership Academy, LLC, Randall Cook, Lisa Cook, United Secure Youth Transport Agency, LLC, and Debbie Celani in a sum in excess of Seventy-Five Thousand ($75,000.00) Dollars, and in excess of the prevailing arbitration limits, in compensatory damages and punitive damages, exclusive of pre-judgment interest, post-judgment interests and costs.

## COUNT XI
## CONSPIRACY TO COMMIT FRAUDULENT MISREPRESENTATION
### *Plaintiffs v. All Defendants*[28]

287.    Defendants Forest Trail Academy, LLC, Atlantis Leadership Academy, LLC, Randall Cook, Lisa Cook, and Debbie Celani ("Defendants") unlawfully agreed to misrepresent or omit, and did in fact misrepresent or omit, material information regarding the child abuse, child neglect, torture, malnourishment, and forced labor trafficking of children occurring at ALA and

---

[28] Pursuant to the Court's Orders of March 24, 2025 (D.E. 67) and May 2, 2025 (D.E. 77), Plaintiffs are consolidating all fraud-based claims against Defendants into individual counts against all Defendants. Plaintiffs are doing this in an attempt to shorten the length of the Complaint and remove duplicative language in subsequent counts in an effort to streamline the Complaint and comply with the pleading standard in Fed. R. Civ. P. 8 requiring a "short, plain statement."

the public, including Plaintiff, Tarah Fleischman, relied on this information to the detriment of her minor child, C.F.

288.    Defendants agreed to execute their scheme by performing the above-mentioned unlawful acts/misrepresentations described in Count X above and/or by doing lawful acts/misrepresentations by unlawful means.

289.    The misrepresented and omitted information described above was material information regarding the safety and protection of minor children, including minor Plaintiff C.F.

290.    Plaintiff, Tarah Fleischman, justifiably relied to her detriment upon the misrepresentation and omission of such information to send her child to ALA based on the representations of Defendants.

291.    Plaintiff, Tarah Fleischman, believed that she was sending her son to a boarding school which would: protect her son from dangerous conditions, including child abuse, child neglect, torture, and malnutrition; provide an education to her son and not deprive him of an education; and would feed her son and provide him appropriate water and nutrition.

292.    Each of the Defendants' misrepresentations and omissions constituted a successful conspiracy to commit fraudulent misrepresentations.

293.    Defendants' conspiracy was a vehicle for imputing the tortious acts of one co-conspirator to another.

294.    Each act performed by each Defendant was done in pursuance of a conspiracy and is an act for which each is jointly and severally liable.

295.    Once the existence of a conspiracy was established, and a party's membership in the conspiracy was established, each Defendant is liable for the acts of all members of the conspiracy in furtherance of the conspiracy regardless of the nature of their own actions.

296.     Each Defendant, individually, who knowingly joined this conspiracy, even at a later date, took the conspiracy as he/she/it finds it and is liable for all acts previously or subsequently done in pursuance of this conspiracy.

297.     Defendants, as members of a civil conspiracy, are liable for all acts and/or omissions of any co-conspirator done in pursuance of the conspiracy.

298.     As a direct and proximate result of this conspiracy, minor Plaintiff C.F. suffered severe bodily harm and emotional distress.

299.     As a direct and proximate result of this conspiracy and the acts of Defendants done in furtherance of this conspiracy, minor Plaintiff C.F. was seriously and severely injured in and about the head, neck, back, body and limbs and was thereby rendered sick, sore, lame, paralyzed, and otherwise disabled or, in the alternative, the injuries aforesaid thereby caused or contributed to cause an aggravation of a previous existing defect or infirmity; and as a direct result thereof, minor Plaintiff C.F., has in the past suffered and will in the future suffer pain and suffering, pain and anguish of body and mind, and loss of capacity for the enjoyment of life, all of which conditions are permanent or continuing in nature, and all of which has occurred in the past and will occur in the future.

300.     As a further direct and proximate result of this conspiracy and the acts of Defendants done in furtherance of this conspiracy, minor Plaintiff C.F. has in the past undergone and will in the future undergo medical care and treatment and has in the past incurred and will in the future incur medical bills and expenses attendant to the injuries, as aforesaid.

301.     As a direct and proximate result of this conspiracy and the acts of Defendants done in furtherance of this conspiracy, Plaintiff Tarah Fleischman has had to incur medical expenses for

the care of her son, C.F.  These expenses occurred in the past and are expected to occur in the future.

302.    As a further direct and proximate result of this conspiracy and the acts of Defendants done in furtherance of this conspiracy, minor Plaintiff C.F. has in the past sustained and will in the future sustain loss of earnings and earning capacity.

**WHEREFORE**, Plaintiff, Tarah Fleischman, as Parent and Guardian to C.F., a minor, demands judgment against Defendants Forest Trail Academy, LLC, Atlantis Leadership Academy, LLC, Randall Cook, Lisa Cook, United Secure Youth Transport Agency, LLC, and Debbie Celani in a sum in excess of Seventy-Five Thousand ($75,000.00) Dollars, and in excess of the prevailing arbitration limits, in compensatory damages and punitive damages, exclusive of pre-judgment interest, post-judgment interests and costs.

<u>**COUNT XII**</u>
**CONDUCT IN VIOLATION OF THE TRAFFICKING VICTIM PROTECTION REAUTHORIZATION ACT, 18 U.S.C. § 1589(a)**
***Plaintiffs v. The Atlantis Defendants***
***Perpetrator Liability***

303.    Forced labor is defined by the TVPRA under 22 U.S.C. § 7102, as "the recruitment, harboring, transportation, provision, or obtaining of a person for labor or services, through the use of force, fraud, or coercion for the purpose of subjection to involuntary servitude, peonage, debt bondage, or slavery."

304.    Pursuant to 18 U.S.C. §1589, all who knowingly obtain labor or services through force, threats of force, fraud, and coercion are guilty of severe forms of trafficking in persons and forced labor. This includes, at a minimum, *both* the "traffickers" who recruit, harbor, transport, and provide individuals for forced labor *and* those who knowingly benefit, financially or by receiving anything of value, from participating in a venture which has engaged in the providing or

obtaining of labor or services though force, threats of force, fraud and coercion, knowing or in reckless disregard of the fact that the venture has engaged in the providing or obtaining of labor services by any of such means.

305.    The Atlantis Defendants knowingly provided or obtained the labor and services of minor children, including C.F.

306.    Pursuant to 22 U.S.C. §7102, anyone who has been subject to the recruitment, harboring, transportation, provision, or obtaining of their labor or services through the use of force, fraud, or coercion is a victim of forced labor and trafficking.

307.    The Atlantis Defendants used ALA and its brand, to recruit, solicit, and coerce minor children into forced labor and involuntary servitude.

308.    After enrolling at and being transported to ALA based on the misrepresentations of the Defendants, minor Plaintiff C.F. was forced by ALA staff to engage in manual labor, including but not limited to acts of landscaping and cleaning, on a regular basis, against his will, through the use of force, fraud, and coercion and without receiving any compensation in return for said labor.

309.    Minor Plaintiff C.F. is a victim of trafficking within the meaning of 18 U.S.C. §1589(a) and is therefore entitled to bring a civil action under 18 U.S.C. §1595.

310.    The actions, omissions, and/or commissions alleged in this pleading were the but-for and proximate cause of Plaintiff C.F.'s injuries and damages.

311.    Minor, C.F., has suffered substantial physical and psychological injuries as a result of being trafficked and exploited by Defendants in violation of 18 U.S.C. §1589(a).

312.    As a direct and proximate result of these actions, minor Plaintiff C.F. suffered severe bodily harm and emotional distress.

313.   As a direct and proximate result of these actions, minor Plaintiff C.F. was seriously and severely injured in and about the head, neck, back, body and limbs and was thereby rendered sick, sore, lame, paralyzed, and otherwise disabled or, in the alternative, the injuries aforesaid thereby caused or contributed to cause an aggravation of a previous existing defect or infirmity; and as a direct result thereof, minor Plaintiff C.F. has in the past suffered and will in the future suffer pain and suffering, pain and anguish of body and mind, and loss of capacity for the enjoyment of life, all of which conditions are permanent or continuing in nature, and all of which has occurred in the past and will occur in the future.

314.   As a further direct and proximate result of these actions, minor Plaintiff C.F. has in the past undergone and will in the future undergo medical care and treatment and has in the past incurred and will in the future incur medical bills and expenses attendant to the injuries, as aforesaid.

315.   As a direct and proximate result of these actions, Plaintiff Tarah Fleischman has had to incur medical expenses for the care of her son, C.F. These expenses occurred in the past and are expected to occur in the future.

316.   As a further direct and proximate result of these actions, minor Plaintiff C.F. has in the past sustained and will in the future sustain loss of earnings and earning capacity.

**WHEREFORE**, Plaintiff, Tarah Fleischman, as Parent and Guardian to C.F., a minor, demands judgment against Defendants Atlantis Leadership Academy, LLC, Randall Cook, and Lisa Cook in a sum in excess of Seventy-Five Thousand ($75,000.00) Dollars, and in excess of the prevailing arbitration limits, in compensatory damages and punitive damages, and all attorneys' fees available pursuant to statute, available exclusive of pre-judgment interest, post-judgment interests and costs.

## COUNT XIII
## CONDUCT IN VIOLATION OF THE TRAFFICKING VICTIM PROTECTION REAUTHORIZATION ACT, 18 U.S.C. § 1589(b)
### *Plaintiffs v. All Defendants*
### *Beneficiary Liability*

317.    Forced labor is defined by the TVPRA under 22 U.S.C. § 7102, as "the recruitment, harboring, transportation, provision, or obtaining of a person for labor or services, through the use of force, fraud, or coercion for the purpose of subjection to involuntary servitude, peonage, debt bondage, or slavery."

318.    Under 18 U.S.C. §1589 liability arises for individuals and entities who: (1) knowingly benefitted financially or by receiving anything of value (2) from participation in a venture (3) it knew or should have known was engaged in the providing or obtaining of labor or services by force, threat, or coercion.

319.    Defendants knowingly benefited financially from participation in this venture with Co-Defendants which engaged in providing or obtaining forced labor from minor children, including C.F.

320.    Defendants knowingly received something of value from participation in this venture with Co-Defendants which engaged in providing or obtaining forced labor from minor children, including C.F.

321.    Pursuant to 22 U.S.C. §7102, anyone who has been subject to the recruitment, harboring, transportation, provision, or obtaining of their labor or services through the use of force, fraud, or coercion is a victim of forced labor and trafficking.

322.    The acts of Defendants, outlined in the Factual Background section above, constitute a violation of 18 U.S.C. §1595b.

323.     Specifically, Defendants had a statutory obligation not to participate in or benefit from a venture that it knew, or should have known, was engaged in violations of 18 U.S.C. §1589(a).

324.     At all relevant times, Defendants breached this duty by participating in, and facilitating, the transportation, harboring, and provision of minor Plaintiff C.F. for the purpose of labor by fraud and coercion by their acts, omissions, and commissions.

325.     Defendants knew, or were in reckless disregard of the fact, that it was Randall Cook, Lisa Cook, and Atlantis Leadership Academy's pattern and practice to use the channels and instrumentalities of interstate and foreign commerce, as well as Defendants' resources to entice or recruit minor boys into forced labor and involuntary servitude.

326.     Defendants' knowingly benefited from, and received value for, their participation in their venture with each of the other Defendants, with knowledge, or in reckless disregard of the fact, Defendants utilized Atlantis Leadership Academy and its brand, to solicit and coerce Plaintiff into forced labor and involuntary servitude.

327.     Defendants' financially benefitted as a result of these acts, omissions, and/or commissions by their participation in managing, promoting, recruiting, and profiting off the success of ALA.

328.     Defendants' were each paid a financial benefit or received a financial gain by way of a kick back or bonus as a result of their participation in this venture.

329.     After enrolling at and being transported to ALA based on the misrepresentations of the Defendants, minor Plaintiff C.F. was forced by the Atlantis Defendants and the ALA staff to engage in manual labor, including but not limited to acts of landscaping and cleaning, on a regular

basis, against his will, through the use of force, fraud, and coercion, and without receiving any compensation in return for said labor.

330.    Minor Plaintiff C.F. is a victim of trafficking within the meaning of 18 U.S.C. §1589(a) and is therefore entitled to bring a civil action under 18 U.S.C. §1595.

331.    Defendants' conduct was in, or affected, interstate and/or foreign commerce. Defendants knowingly benefited from participation in what they knew or should have known was a trafficking venture, in violation of 18 U.S.C. §§ 1589(a) and 1595(a).

332.    Defendants' knowingly benefited from, and/or received something of value for their participation in the venture, in which Defendants knew, should have known, or were in reckless disregard of the fact that Plaintiff C.F. was engaged in human trafficking, labor trafficking, forced labor, and/or involuntary servitude.

333.    Defendants' knowingly obtained financial gain through compensation, bonuses, kickbacks, and/or benefits from its participation in the venture it knew or should have known was engaging in human trafficking, labor trafficking, forced labor, and/or involuntary servitude.

334.    Defendant' employees and agents had actual knowledge or should have known that they were facilitating and participating in a scheme to profit from a venture involved in human trafficking, labor trafficking forced labor, and involuntary servitude.

335.    Defendant' conduct in violation of these statutes has caused Plaintiff C.F. serious harm including, without limitation, physical, psychological, financial, vocational, and reputational harm.

336.    Minor, C.F., has suffered substantial physical and psychological injuries as a result of being trafficked and exploited by Defendants in violation of 18 U.S.C. §1589(a).

337.    As a direct and proximate result of these actions, minor Plaintiff C.F. suffered severe bodily harm and emotional distress.

338.    As a direct and proximate result of these actions, minor Plaintiff C.F. was seriously and severely injured in and about the head, neck, back, body and limbs and was thereby rendered sick, sore, lame, paralyzed, and otherwise disabled or, in the alternative, the injuries aforesaid thereby caused or contributed to cause an aggravation of a previous existing defect or infirmity; and as a direct result thereof, minor Plaintiff C.F. has in the past suffered and will in the future suffer pain and suffering, pain and anguish of body and mind, and loss of capacity for the enjoyment of life, all of which conditions are permanent or continuing in nature, and all of which has occurred in the past and will occur in the future.

339.    As a further direct and proximate result of these actions, minor Plaintiff C.F. has in the past undergone and will in the future undergo medical care and treatment and has in the past incurred and will in the future incur medical bills and expenses attendant to the injuries, as aforesaid.

340.    As a direct and proximate result of these actions, Plaintiff Tarah Fleischman has had to incur medical expenses for the care of her son, C.F. These expenses occurred in the past and are expected to occur in the future.

341.    As a further direct and proximate result of these actions, minor Plaintiff C.F. has in the past sustained and will in the future sustain loss of earnings and earning capacity.

**WHEREFORE**, Plaintiff, Tarah Fleischman, as Parent and Guardian to C.F., a minor, demands judgment against Defendants Forest Trail Academy, LLC, Atlantis Leadership Academy, LLC, Randall Cook, Lisa Cook, United Secure Youth Transport Agency, LLC, and Debbie Celani in a sum in excess of Seventy-Five Thousand ($75,000.00) Dollars, and in excess of the prevailing

arbitration limits, in compensatory damages and punitive damages, and all attorneys' fees available

pursuant to statute, available exclusive of pre-judgment interest, post-judgment interests and costs.

**COUNT XIV**
**CONDUCT IN VIOLATION OF THE TRAFFICKING VICTIM PROTECTION**
**REAUTHORIZATION ACT, 18 U.S.C. § 2255**
***Plaintiffs v. All Defendants***[29]

342.    The conduct of Defendants Forest Trail Academy, LLC, Atlantis Leadership

Academy, LLC, Randall Cook, Lisa Cook, and Debbie Celani ("Defendants") as described in the

Factual Background section, throughout this Complaint, and the TVPRA Counts above was

unlawful under the common law and in violation of criminal statutes, including but not limited to

18 U.S.C. § 1589.

343.    Pursuant to 18 U.S.C. §1589, all who knowingly obtain labor or services through

force, threats of force, fraud, and coercion are guilty of severe forms of trafficking in persons and

forced labor. This includes, at a minimum, *both* the "traffickers" who recruit, harbor, transport,

and provide individuals for forced labor *and* those who knowingly benefit, financially or by

receiving anything of value, from participating in a venture which has engaged in the providing or

obtaining of labor or services though force, threats of force, fraud and coercion, knowing or in

reckless disregard of the fact that the venture has engaged in the providing or obtaining of labor

services by any of such means.

344.    Pursuant to 18 U.S.C. § 2255, any person who, while a minor, was a victim of

conduct in violation of 18 U.S.C. § 1589 and suffers personal injury as a result of such a violation,

---

[29] Pursuant to the Court's Order of March 24, 2025 (D.E. 67) and May 2, 2025 (D.E. 77), Plaintiffs are consolidating individual claims against each Defendant pursuant to 18 U.S.C. § 2255 into one count against all Defendants. Plaintiffs are doing this in an attempt to shorten the length of the Complaint and remove duplicative language in subsequent counts in an effort to streamline the Complaint and comply with the pleading standard in Fed. R. Civ. P. 8 requiring a "short, plain statement."

regardless of whether the injury occurred while such person was a minor, has a private right of action for actual damages not less than $150,000, attorneys' fees, and costs. The court may also award punitive damages.

345.    18 U.S.C. § 2255 imposes strict liability upon those meeting its prerequisites. Therefore, Defendants are responsible and liable under 18 U.S.C. § 2255.

346.    Defendant's conduct in violation of 18 U.S.C. § 1589 has caused minor Plaintiff C.F. serious harm including, without limitation, physical, psychological, financial, vocational, and reputational harm.

347.    As a direct and proximate result of these actions, minor Plaintiff C.F. suffered severe bodily harm and emotional distress.

348.    As a direct and proximate result of these actions, minor Plaintiff C.F. was seriously and severely injured in and about the head, neck, back, body and limbs and was thereby rendered sick, sore, lame, paralyzed, and otherwise disabled or, in the alternative, the injuries aforesaid thereby caused or contributed to cause an aggravation of a previous existing defect or infirmity; and as a direct result thereof, minor Plaintiff C.F. has in the past suffered and will in the future suffer pain and suffering, pain and anguish of body and mind, and loss of capacity for the enjoyment of life, all of which conditions are permanent or continuing in nature, and all of which has occurred in the past and will occur in the future.

349.    As a further direct and proximate result of these actions, minor Plaintiff C.F. has in the past undergone and will in the future undergo medical care and treatment and has in the past incurred and will in the future incur medical bills and expenses attendant to the injuries, as aforesaid.

350.    As a direct and proximate result of these actions, Plaintiff Tarah Fleischman has had to incur medical expenses for the care of her son, C.F. These expenses occurred in the past and are expected to occur in the future.

351.    As a further direct and proximate result of these actions, minor Plaintiff C.F. has in the past sustained and will in the future sustain loss of earnings and earning capacity.

**WHEREFORE**, Plaintiff, Tarah Fleischman, as Parent and Guardian to C.F., a minor, demands judgment against Defendants Forest Trail Academy, LLC, Atlantis Leadership Academy, LLC, Randall Cook, Lisa Cook, United Secure Youth Transport Agency, LLC, and Debbie Celani in a sum in excess of Seventy-Five Thousand ($75,000.00) Dollars, and in excess of the prevailing arbitration limits, in compensatory damages and punitive damages, and all attorneys' fees available pursuant to statute, available exclusive of pre-judgment interest, post-judgment interests and costs.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a Trail by jury of all issues triable as a right by jury.

**RESPECTFULLY** submitted this 12th day of May, 2025.

**THE HAGGARD LAW FIRM, PA**
*Attorneys for Plaintiff*
330 Alhambra Circle, First Floor
Coral Gables, Florida 33134
Telephone: 305-446-5700
Facsimile:  305-446-1154

By: */s/ Kimberly Wald, Esq.*
Kimberly L. Wald, Esq.
Florida Bar No. 112263
KLW@HaggardLawFirm.com
ymfatherree@HaggardLawFirm.com

and

**LAFFEY, BUCCI, D'ANDREA,
REICH & RYAN, LLP**
*Attorneys for Plaintiff*
1100 Ludlow Street. Suite 300
Philadelphia, PA 19107
Telephone: 215-399-9255
Facsimile: 215-857-0075

By: */s/ Michael J. McFarland, Esq.*
Michael J. McFarland, Esq.
Admitted *Pro Hac Vice*
cvgdteam@laffeybucci.com