UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 24-cv-81457-MIDDLEBROOKS

TARAH FLEISCHMAN, as parent
and guardian of C.F., a minor, and in her
own right,

    Plaintiff,

v.

FOREST TRAIL ACADEMY, LLC, et al.,

    Defendants.
_____/

## ORDER GRANTING IN PART MOTION FOR EXTENSION OF TIME TO SERVE DEFENDANTS RANDALL AND LISA COOK

THIS CAUSE comes before me on Plaintiff's Motion for Extension of Time to Serve Process (DE 111), filed September 9, 2025. Plaintiff seeks a 120-day extension of time to serve two of the Defendants in this case, Randall and Lisa Cook (the "Cooks"). Previously, Plaintiff was able to serve the Cooks with the original Complaint on December 16, 2024. (DE 19; DE 31).

I first note that Plaintiff mistakenly refers to her Amended Complaint, filed May 12, 2025 (DE 80) as the latest pleading in this matter that needs to be served. Plaintiff filed a Second Amended Complaint on July 1, 2025, which required her to re-serve the Cooks with the latest amended pleading. (DE 99). After experiencing difficulties doing so, Plaintiff moved to serve the Cooks with alternate service on August 1, 2025. (DE 105). Judge Rosenberg denied Plaintiff's Motion without prejudice on August 20, 2025, finding that Plaintiff had "not sufficiently apprised the Court why service on the Secretary of State or by email would be reasonably effective in giving

the Defendants actual notice of the suit." (DE 107).[1] Thus, since filing the latest version of her suit on July 1, 2025, Plaintiff has not been able to serve the Cooks.

In support of her present Motion, Plaintiff states she has been unable to locate and serve the Cooks at their Naples home address, the same address where she served them with the original Complaint. (DE 111 at 2). Plaintiff states she believes the Cooks are evading service as no one has answered the door during multiple services attempts. (*Id.*). Plaintiff does not indicate whether she will be moving for alternate process, but states in light of the apparent evasion of process, she seeks an additional 120 days to personally serve the Cooks. Plaintiff does not otherwise outline her plans to serve, or explain what alternative methods she will employ to achieve a different result during any extension period I would grant.

Rule 4(m) has a "good cause" exception, wherein if the plaintiff shows good cause for its failure to serve defendant within the appropriate timeframe, the Court "must extend the time for an appropriate period." *Id.*; *see also Reis v. Comm'r of Soc. Sec.*, 710 F. App'x 828, 829 (11th Cir. 2017) (quoting rule). Within the Eleventh Circuit, good cause exists "only when some outside factor[,] such as reliance on faulty advice, rather than inadvertence or negligence, prevented service." *Lepone-Dempsey v. Carroll Cnty. Comm'rs*, 476 F.3d 1277, 1281 (11th Cir. 2007).

The facts here are especially sparse as to why Plaintiff needs four months to serve the Cooks, or why she has been unable to serve the Cooks between July 1, 2025 and now, 75 days later. I do note that Plaintiff has suggested some facts that show the Cooks may be evading service. Plaintiff could have renewed her motion to alternatively serve but has not done so since her previous motion was denied without prejudice. Nonetheless, I will grant Plaintiff **one final opportunity** to serve the Cooks in this suit.

---

[1] This case was reassigned to me on August 22, 2025. (DE 109).

Accordingly, it is **ORDERED:**

1) Plaintiff's Motion for Extension of Time to Serve Process (DE 111) is **GRANTED IN PART.**

2) The deadline for Plaintiff to effectuate service of process on Randall and Lisa Cook is **October 10, 2025.**

3) I caution Plaintiff that this case will be dismissed without prejudice against the Cook Defendants for failure to timely effectuate service of process under Rule 4(m) if Plaintiff fails to file a Return of Service in the court record on or before October 10, 2025.

4) Plaintiff's request for an extension of time to file a motion for default judgment against the Cooks is premature and is denied.

**SIGNED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 18th day of September 2025.

Donald M. Middlebrooks
United States District Judge